OPINION OF THE COURT
William C. Barrett, J.
Defendant is before the court upon a writ of habeas corpus. The application claims that he is being wrongfully held in lieu of bail pursuant to a securing order issued by the Ithaca Town Court to secure his attendance in that court to answer charges of contempt of court, allegedly for violating a temporary order of protection issued as a condition of release on bail while a felony complaint was pending in that court. He has since been indicted, arraigned, and released on bail in this court upon charges stemming from the original felony complaint. The court finds that the defendant is not illegally detained and the writ is dismissed.
There are two issues. First, does a temporary order of protection issued by a Town Justice pursuant to CPL *411 530.13 as a condition of release on bail automatically terminate when the Justice is later required to release the defendant upon his own recognizance pursuant to CPL 180.80 due to the failure of the People to commence a felony complaint hearing? The court finds that it does not. Second, can the defendant now be arrested and held to answer in Town Court to charges of criminal contempt alleged to have occurred after he was released by that court and before he was indicted in County Court? This court cannot say that the Town Court is without power to impose sanctions for preindictment violations of its protective order, although the permissible sanctions are not entirely clear.
Defendant was arrested upon a felony complaint and held in lieu of bail. The Town Justice also imposed as a condition of bail a temporary order of protection pursuant to CPL 530.13 requiring the defendant to have no contact with the victim of the crime. The People failed to proceed to a felony complaint hearing or otherwise dispose of the charge within the 144-hour period required by CPL 180.80. The Town Justice was then required to release the defendant upon his own recognizance. Following his release, the defendant is said to have telephoned a member or members of the family of the crime victim. Defendant was then indicted, arraigned and released on bail in this court. At the arraignment, the District Attorney advised the court that he would be presenting papers to the court showing good cause for the issuance of a similar order in this court. The defendant was held in lieu of bail for two days, during which period no such application was received from the District Attorney. Defendant then posted bail and was released by the Sheriff after receiving assurances from the office of the District Attorney that there was no other reason to hold the defendant.
The defendant then left the jail and boarded a Greyhound bus where he intended to stay with a friend, away from the family of the crime victim, who resided nearby his home in the City of Ithaca. Before the bus arrived at Trumansburg, police officers stopped the bus, forcibly removed the defendant, placed him under arrest, and took him before the Town of Ithaca Justice to answer charges of *412 violating the temporary protective order. Thereafter, the defendant was remanded to the Tompkins County Jail.
Defendant’s attorney claims that the Town Court no longer has any jurisdiction over the defendant now that he has been indicted upon the charges originally pending in thát court. Furthermore, he claims once the 144-hour period expired and the defendant was released on his own recognizance, the Town Court lost jurisdiction over the matter, and the temporary order was no longer in effect.
The People claim that the order was still in effect because the felony complaint was not required to be dismissed pursuant to CPL 180.80 although defendant was required to be released. The People argue that the temporary order of protection, if indeed it was allowable as a condition of release on bail, was a permissible restriction upon defendant’s release upon recognizance and the Town Court continues to have jurisdiction to punish any violations of that order as an offense entirely separate and distinct from the underlying crime now pending in County Court..
The court finds that the felony complaint and the temporary order of protection were still outstanding in the Town Court at the time of the alleged offense. Although CPL 180.70 requires a local criminal court to dismiss the felony complaint if it finds after a hearing that there is not reasonable cause to believe that the defendant committed any offense and to discharge the defendant from custody or exonerate bail, the provisions of CPL 180.80 are dissimilar. The latter section only requires the local criminal court to release a defendant on his own recognizance if the felony complaint hearing is not held within the required time limits. Thus, the felony complaint was still outstanding and presumably the temporary order of protection was still in effect. Certainly, if the Town Justice had found good cause to issue the temporary order of protection for the benefit of the alleged crime victim and his family, the mere failure of the People to proceed with a hearing would not obviate the need for the order. Also, a “[rjelease on own recognizance” as defined in CPL 500.10 (subd 2) permits a person to be at liberty during the pendency of a criminal *413 action but also requires that person to “at all times render himself amenable to the orders and processes of the court.”
The Town Court, although not a court of record, does have criminal contempt powers. (UJCA 210.) Although the specific sanctions authorized under CPL 530.12 (revocation of release or resentencing) are not contained in CPL 530.13 and would now appear impossible, the Town Court would presumably still have the punishment powers of sections 750 and 751 of the Judiciary Law — a fine not exceeding $250 or imprisonment not exceeding 30 days.
The charges here are sodomy involving infant neighbors of the defendant in the City of Ithaca. The court is now faced with a very real problem of shielding these children from unnecessary contacts with the defendant during the pendency of this action, and respecting the understandable concern of their families and members of the community, without imposing greater restraints upon the defendant than necessary to guarantee his future appearances in this court. During this hearing it was made apparent to the court that the actions by the police were motivated in large part by a desire to prevent the defendant from resuming his residence in close proximity to the children. The People requested that the present bail be set “1,000 times higher” to achieve this result.
The defendant has no prior criminal record, has limited financial resources, and has a record of 17 years continuous employment with a major employer in this city. He was unable to post bail set by the Town Court in the amount of $5,000 cash or $10,000 bond. Under such circumstances the present level of bail would seem sufficient to secure his attendance in this court. At the hearing in this court, the defendant agreed to the entry of a new temporary order of protection by this court incorporating the same terms and conditions contained in the prior order of the Town Court. It would seem appropriate to this court to add a condition as follows: “d) Defendant shall not reside within the City of Ithaca.” The order as thus amended should provide sufficient protection to the children and the community without resorting to excessive bail and possibly illegal preventive detention.
The writ is dismissed.