OPINION OF THE COURT
Peter J. Benitez, J.
Defendant is charged in a misdemeanor information with criminal contempt in the second degree, Penal Law § 215.50 (3). The accusatory instrument alleges that an order of protection was issued by a Judge of the criminal court on June 30, 1993 in connection with the prosecution of defendant on a then-pending criminal proceeding and was served on defendant. (This order of protection and others are sometimes referred to hereinafter as "order”.) The accusatory instrument further alleges that said order directed defendant, inter alia, to refrain from making any telephone calls to anyone associated with the West Side Veterinary Center and that the order was, by its terms, effective through July 22, 1993. The accusatory instrument alleges that, on July 21, 1993, defendant called Donna Speedling, an employee of the Center, at Ms. Speedling’s home and left a message on her answering machine.
Defendant has moved to dismiss the information pursuant to CPL 170.30 (1) (f) contending that there is a legal impediment to conviction. Defendant argues that, as another order of protection was issued on July 19, 1993, in connection with the same prosecution, which order contained terms different from the earlier order, was effective until August 2, 1993, and, therefore, overlapped the period of the earlier order of protection, the earlier order alleged to have been violated was ambiguous and its mandate unclear, prohibiting a conviction for violation of that order. The People oppose defendant’s motion arguing that the order charged with having been violated was still in effect after the issuance of the new order and the new order did not affect the specificity or terms of the earlier order.
The facts relating to the issuance of the orders of protection at issue here are not in dispute. Defendant was tried and convicted after a jury trial for acts of harassment directed at a *711 doctor and other persons associated with the West Side Veterinary Center. On the date of the verdict, June 30, 1993, the court extended an existing order of protection by issuing a new order which, as did the then-existing order, directed defendant not to make any telephone calls to anyone associated with the Center. That order was, by its terms, effective until July 22, 1993, the date scheduled for defendant’s sentencing. Sentencing was advanced to July 19, 1993, and, on that date the parties appeared in the Calendar Part before a Judge different from the Trial Judge who was to impose sentence. The case was not referred to the Trial Judge because certain presentence reports had not been completed. Rather, the case was adjourned for sentencing beyond the originally scheduled sentence date of July 22, to August 2, 1993. As the then-existing order of protection was scheduled to expire on July 22, 1993, the People asked the court to extend the trial court’s order of protection to the new sentencing date and specifically asked the court to issue a new order of protection with the same terms as the order then in effect. The court stated that it would extend the order of protection. Then, clearly by inadvertence, the court staff used an earlier order of protection in the case to draft the new order and, in the new order, omitted the prohibition against calling anyone associated with the Center. Rather, the new order, as it related to telephone calls, prohibited defendant from calling certain designated persons.
Two days later, on July 21, 1993, defendant allegedly called Ms. Speedling, a person associated with the Center, but not a person specified in the order issued on July 19. The People contend that the order of June 30 which, by its terms was to expire on July 22, was violated and that the issuance of the new order on July 19 did not affect the continuing validity of the order issued on June 30. Rather, the People contend that the June 30 order overlapped the July 19 order for the period from July 19 to July 22 and that, during that period, both were in effect.
Both the prosecution and defendant have advanced arguments concerning defendant’s intent and understanding as to the orders of protection and have submitted transcripts of court proceedings and details concerning the crimes for which defendant had been convicted, urging the court to consider these materials in determining the instant motion to dismiss. It is significant to note that the People have not charged defendant with violating the court’s oral order of July 19 *712 extending the earlier order of protection and argued that such oral order extended the terms of the earlier order. Nor have the People charged defendant with violating the written order issued on July 19 and argued that the order incorporated, by reference or otherwise, terms contained in the earlier order but omitted from the newly issued order. (See, e.g., People v Thomas, NYLJ, Nov. 20, 1992, at 27, col 3 [Crim Ct, NY County].) Rather, the People have charged defendant with violating the earlier issued order by engaging in conduct expressly prohibited by that order while the order was still, by its terms, in effect.
Accordingly, the issue to be decided on defendant’s motion to dismiss is whether the earlier issued order which defendant is charged with having violated was still legally in effect after the court’s issuance of the new order which was to be effective past the date of the expiration of the earlier issued order and, if so, whether the issuance of a new order on July 19 created ambiguity or lack of clarity in the June 30 order such as to bar, as a matter of law, a conviction for violating that June 30 order.
In determining these issues, a distinction must be drawn between a legal impediment to conviction and the defense that defendant was confused by the differences in the terms of the two overlapping orders, that she believed the new order superseded and/or modified the terms of the existing order, or that she did not intend to violate the order which she believed to be the controlling or legally binding order. Such defenses must be determined by the jury at trial and are not claims that may be considered by the court pursuant to her motion to dismiss.
The issue is, therefore, whether the earlier issued order which is alleged to have been violated was legally in effect on the date of the commission of the alleged offense and whether such order was affected, as a matter of law, by the new order issued on July 19. Neither party has cited statutory or decisional authority on the first issue. The court’s research has disclosed no such authority which would aid in determining whether overlapping orders of protection may be considered to be both effective and binding. Under general principles of law, however, it is clear that, in the absence of a clear statement by the court that it was vacating or terminating the order issued by another Judge or legal authority providing that the issuance of a new order vacates or cancels the earlier issued order, the court must recognize the continuing validity of that *713 earlier issued order. Accordingly, the court must resolve the motion here by looking to the terms of the orders and any statements by the court concerning the validity of the earlier issued order when it issued the new order.
It was clear that, on July 19, as the case was being adjourned past the expiration date of the earlier issued order and defendant would not be before the court until the new date set for sentencing, an order of protection effective until that new adjourned date was necessary. The transcript of the court proceedings of July 19, 1993, which has been submitted to this court, clearly reflects that the Assistant District Attorney, defense counsel and the court understood that the order of protection to be issued on that date would contain the same prohibitions as the order then in effect. Defense counsel does not argue that the court intended to modify the terms of the order of protection issued by the Judge who presided over the trial. Moreover, during the July 19 court proceeding, there was no request by either side for modification of the substantive terms of the order of protection and the court did not in any manner indicate that the terms would be modified. Furthermore, the July 19th order, in the form actually issued, did not, by its terms, explicitly or affirmatively permit conduct which the earlier order prohibited. Rather the first order of protection at issue, dated June 30, prohibited a wider range of conduct than did the second, dated July 19. When issuing the order dated July 19, the court did not state that the order canceled, overrode, or otherwise replaced the earlier issued order which was still in effect and, by its terms, was to continue in effect until July 22. Rather, the court simply stated that it was extending the existing order of protection. As now known, the order issued by the court erroneously did not extend the full terms of the earlier issued order in that the new order omitted certain prohibitions, prohibitions which defendant allegedly violated. Yet, the June 30 and the July 19 orders were, by their terms, both in effect at the time defendant allegedly committed the offense charged.
This court accordingly holds that the earlier issued order of protection was not rescinded, canceled or rendered invalid by the issuance of the new order of protection which overlapped the effective term of the earlier issued order. That earlier issued order was, therefore, a legally binding order on the date the offense charged is alleged to have been committed and defendant may lawfully be charged with a violation of that order of protection.
*714 As to the second issue, whether the issuance of the order of protection on July 29 created ambiguity in the terms of the existing June 30th order such as to render those terms unclear as a matter of law, defendant has cited authority for the proposition that, if the terms of a court order alleged to have been violated are vague and indefinite as to what conduct is prohibited, such an order cannot be the basis for the charge of criminal contempt. (See, Matter of Department of Envtl. Protection v Department of Envtl. Conservation, 70 NY2d 233 [1987] [hereinafter referred to as Central Hudson Gas].) As set forth above, however, the order of protection issued on June 30 was clear on its face as to what conduct was prohibited. Furthermore, the order issued on July 19 did not affirmatively permit conduct which had been prohibited by the earlier order. It simply failed to prohibit as wide a range of conduct as did the earlier order. See similar issue of interpretation of a court order authorizing certain conduct and prohibiting other conduct in Central Hudson Gas (supra). Accordingly, the terms of the two orders of protection, while different, did not create facial ambiguity or lack of clarity in the terms of the order issued on June 30.
As stated earlier, the issue of whether defendant reached a different understanding from the court proceedings as to what conduct was prohibited by the order of protection which she believed was in effect or whether she was in fact confused by the orders, by their terms or by the circumstances under which they were issued is a question of fact to be determined by the jury at trial. See, People v Neumann (51 NY2d 658, 667 [1980]), wherein the Court held, in determining whether defendant was properly convicted of perjury where he claimed that his responses were literally true based on the meaning he gave to words used in his testimony, "[i]t will, therefore, ordinarily be for the jury, when a perjury defendant claims that his answers to questions asked were truthful because he ascribed a particular meaning to a word, to determine from the context in which the word was used whether the claim is valid.”
Accordingly, for the foregoing reasons, defendant’s motion to dismiss is denied.
*715 Defendant’s motion for a bill of particulars and for discovery is granted to the extent that information is provided in the People’s response and Voluntary Disclosure Form and otherwise denied. Defendant’s Sandoval motion is referred to the trial court.