■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MORTIMER EXCELL, Appellant. [680 NYS2d 259] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Orgera, J.), rendered August 5, 1996, convicting him of criminal possession of a weapon in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

On October 17, 1995, in response to a report of shots fired, uniformed officers arrived at a designated location to find the defendant and two others standing near a house. As the police vehicle drew near, the defendant was seen throwing a large black object into the bushes. Upon a search of this area, one of the officers recovered the object, a loaded semi-automatic "Uzi" gun, and thereafter arrested the defendant.

After trial the defendant was convicted of criminal possession of a weapon in the third degree for having possessed a "machine-gun or any other firearm or weapon simulating a machine-gun and which is adaptable for such use" (Penal Law § 265.02 [2]). The defendant argues, *inter alia,* that his conviction should be reversed because the Uzi cannot be easily converted into a machine gun and was thus not adaptable for such use. However, the language of the statute is clear and unambiguous, and there is no reason to judicially engraft anything upon the ordinary meaning of the words employed therein (*see,* McKinney's Cons Laws of NY, Book 1, Statutes § 271 [c]; *People v Eulo,* 63 NY2d 341). In this regard, we note that the Legislature did not choose to qualify the word "adaptable" in this statute by the use of any adjective (*cf.,* Penal Law § 225.00 [8] which defines a "slot machine" as, *inter alia,* a "device * * * readily adaptable or convertible to such use"

[emphasis added]). Accordingly, since the evidence established that the Uzi was capable of being adapted into a machine gun, it was legally sufficient to sustain the conviction.

The defendant's remaining contentions are without merit. Ritter, J. P., Santucci, Altman and Krausman, JJ., concur.