OPINION OF THE COURT
Patricia D. Marks, J.
This is a decision on a motion to dismiss a charge of criminal contempt in the first degree based upon a legal defect. The defendant is charged by indictment with two counts of criminal possession of a weapon in the third degree, criminal contempt *400 in the first degree, two counts of reckless driving, leaving the scene of an accident, operation of a motor vehicle in excess of speed limits, and failure to yield right-of-way to an emergency vehicle. A temporary order of protection was issued on July 20, 1999, on behalf of the defendant’s wife while felony charges were pending against this defendant. The order was issued pursuant to CPL 530.12 and included the provision that, “It is further ordered that this order of protection shall remain in effect until January 20, 2000.” On September 10, 1999, the Grand Jury no-billed the charges which were pending. It is claimed that the conduct which constitutes the contempt occurred on December 25, 1999.
The unique issue for this court to determine is whether or not the temporary order of protection survives the dismissal of the underlying action by a Grand Jury. To determine the continued validity of the temporary order of protection and thus the legality of the charge of contempt in the first degree we must look at the statute which authorizes its issuance. There is authority to issue a temporary order of protection “[w]hen a criminal action is pending * * * the court * * * may issue a temporary order of protection as a condition of any order of recognizance or bail” (CPL 530.12 [1]). The law further provides that: “Such order of protection shall plainly state the date that such order expires.” (CPL 530.12 [6].) That language sets the framework for the authority to issue the order. Thus a court may issue a temporary order of protection as long as the action is pending when the order is issued. The face of each temporary order of protection sets forth an expiration date that arguably gives the order a life of its own that continues to exist until the defendant complies with the statute and seeks a change in the status of the order.
The law also provides: “Any motion to vacate or modify an order of protection or temporary order of protection shall be on notice to the non-moving part/’ (CPL 530.12 [15]). It could be claimed that if the revocation is not on notice to the complaining witness then the revocation of the order, as a result of a dismissal by the Grand Jury, is invalid and the order continues to be in effect.
The law further provides: “The people shall make reasonable efforts to notify the complainant alleging a crime * * * when the people have decided to * * * dismiss the criminal charges against the defendant” (CPL 530.12 [14]). Both sections of this statute show a clear and unambiguous intent expressed by the Legislature to continue the temporary order of protection un *401 less the protected party has notice and an opportunity to be heard. Certainly, in enacting this legislation, the lawmakers expressed a desire to protect victims of domestic violence and to provide a clear and unambiguous way to enforce such orders (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 530.12, at 84). The Legislature created the procedure for the orders because of a concern that law enforcement officials needed clear guidance as to the effective date of the order and the ability to enforce the orders without having to interpret or check the validity of an order outside the expressed expiration date of the order or as entered in the domestic violence registry (see, CPL 530.12 [15]).
In the area of civil contempt the courts have long recognized that court orders must be obeyed even if such orders are erroneous (see, Ketchum v Edwards, 153 NY 534 [1897]; People ex rel. Davis v Sturtevant, 9 NY 263 [1853]; Matter of Landau, 230 App Div 308 [2d Dept 1930]). The law, on the other hand, recognizes that invalid orders rendered without jurisdiction need not be obeyed (see, Matter of Schulz v State of New York, 86 NY2d 225 [1995]).
Thus the issue comes down to whether the order was transparently invalid at the time of the alleged contemptuous behavior. The statute which authorized the issuance of temporary orders of protection did so within the parameters of the existing action when it stated, “[w]hen a criminal action is pending” and the order is “as a condition of any order of recognizance or bail” (CPL 530.12 [1] [emphasis added]). The language signifies that the protections are limited if the action is no longer pending. Therefore the court concludes that the order was invalid at the time of the claimed contemptuous conduct, and thus the criminal contempt charged must be dismissed. This result produces an inconsistency in the stated legislative intent of protection of the complainant’s rights. The remedy is not to “fill in the blanks” by having the temporary order of protection continue regardless of the status of the action. The remedy is legislation which should require notification both at the time of the issuance of the order that such order may be terminated sooner than the stated expiration date and notification at the time the case is dismissed by the Grand Jury that the temporary order of protection is no longer in effect.
The court further rules that the dismissal of the charge does not affect the remaining charges since the presentation of such charges did not impair the integrity of the proceeding so as to *402 create the possibility of prejudice to the defendant (see, CPL 210.45; People v Lashua, 264 AD2d 951 [3d Dept 1999]). It is therefore the judgment of this court that the charge of criminal contempt in the first degree is dismissed and the motion to dismiss the remaining charges is denied.