[718 NYS2d 453]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG W. BLEAU, Appellant.

Third Department, January 4, 2001

APPEARANCES OF COUNSEL

*Richard V. Manning,* Parishville, for appellant.

*Jerome J. Richards, District Attorney* of St. Lawrence County, Canton (*Laurie L. Paro* of counsel), for respondent.

**OPINION OF THE COURT**

PETERS, J.

In July 1998, defendant's arrest, stemming from an incident involving his ex-girlfriend, Peggy Derouchie, resulted in the issuance of a temporary order of protection in favor of Derouchie that was scheduled to expire on October 1, 1998. On August 11, 1998, defendant pleaded guilty to disorderly conduct and harassment in the second degree in full satisfaction of that action.

On September 2, 1998, however, defendant was arrested and charged with violating the temporary order of protection by contacting Derouchie. Shortly after his release later that morning, he was again arrested after he broke into her residence. As a result of these two incidents, defendant was ultimately indicted for criminal contempt in the first degree, criminal contempt in the second degree and burglary in the second degree. Following a jury trial, he was found guilty of criminal trespass in the second degree (as a lesser included offense of the burglary charge) and criminal contempt in the second degree, and thereafter sentenced to consecutive one-year terms of imprisonment. Defendant appeals, raising the novel contention that the temporary order of protection, issued under CPL 530.13 (1), expired automatically upon the termination of the prior criminal action, rather than upon the October 1, 1998 expiration date set forth therein.

■ CPL 530.13 (1) provides that a court may issue a temporary order of protection "[w]hen any criminal action is pending", but it expressly states that the order is issued "as a condition of a pre-trial release * * * release on bail or an adjournment in contemplation of dismissal" (CPL 530.13 [1]). CPL 530.13 (2) authorizes a temporary order of protection upon the filing of an accusatory instrument and upon good cause shown, while CPL 530.13 (3) states that a temporary order of protection may be issued in conjunction with an arrest warrant. Yet, when a criminal prosecution results in a conviction, the court may issue an order of protection, the duration of which is fixed by statute (see, CPL 530.13 [4]).

Viewing this statutory scheme in its entirety, as we must, to discern its fair meaning (see, People v Canale, 240 AD2d 839, 841; see also, McKinney's Cons Laws of NY, Book 1, Statutes § 97), we find that the critical factor in issuing a *temporary* order of protection under CPL 530.13 (1) is defendant's status as a charged offender and the pendency of the action. Examining the plain and concise language employed therein (see, People v Excell, 254 AD2d 369, lv denied 92 NY2d 1031), it becomes clear that the issuance of a temporary order of protection is predicated upon the court's continuing jurisdiction over the accused and its concomitant desire to exercise a modicum of control over the defendant's actions and behaviors. Once a defendant is acquitted or sentenced, however, the criminal action is no longer pending (see, CPL 1.20 [16] [c]) and, therefore, the temporary order of protection becomes a nullity. Since the record does not reflect the issuance of an order of protection after defendant entered his plea in the action from which the temporary order emanated, we agree with defendant that, with the temporary order a nullity, his contempt conviction must be reversed and the third count of the indictment dismissed. Contrary to the People's contention, we do not believe that this interpretation will encourage a defendant to enter a guilty plea solely as a means to terminate a protective order because of the court's clear authority to extend its reach beyond a conviction or plea by the issuance of an order of protection pursuant to CPL 530.13 (4).

In so finding, we are mindful of the dearth of appellate authority: However, trial courts which have addressed similar issues presage our conclusion (see, People v Lewis, 184 Misc 2d 399 [temporary order of protection issued under CPL 530.12 (1) expired when the criminal action underlying its issuance was dismissed by Grand Jury]; People v Caldwell, 159 Misc 2d

709 [initial order of protection survived until date of expiration despite issuance of a subsequent, less prohibitive order during the criminal proceeding]; *Matter of Luster v Howard*, 123 Misc 2d 410 [temporary order of protection survived despite defendant's release under CPL 180.80 because the felony complaint was still outstanding]).

■ Next, addressing defendant's contention that County Court erred in its rendering of supplemental instructions regarding the elements of burglary in the second degree and the lesser included offense of trespass in the second degree, it is settled that in issuing a supplemental instruction, the court "must perform the delicate operation of fashioning a response which meaningfully answers the jury's inquiry while * * * working no prejudice to the defendant" (*People v Williamson [Maleek]*, 267 AD2d 487, 489, *lvs denied* 94 NY2d 882, 886). Here, the jury submitted several requests for clarification of the legal principles impacting upon the interplay between a violation of the temporary order of protection and its effect, if any, upon the crimes of burglary and trespass. The court thereafter consulted with both counsel and crafted a response to be read prior to the jury's dismissal for the evening. The following morning, however, the court admitted that it neglected to issue a portion of the supplemental instruction and, despite defendant's protest, failed to correct its error. Later that day, the jury again submitted questions regarding the aforementioned issues. Shortly after additional instructions were given, the jury returned a verdict of not guilty on the burglary and first degree criminal contempt charges but guilty on the charges of criminal trespass and criminal contempt in the second degrees.

In our view, County Court's individual and cumulative response seriously undermines any contention that the supplemental instructions ultimately conveyed the requisite legal standards since it is apparent, upon reviewing the jury's numerous requests for clarification, that it "remain[ed] perplexed about the elements of the crime or the application of the law to the facts" (*People v Malloy*, 55 NY2d 296, 302, *cert denied* 459 US 847). Accordingly, we agree with defendant that the supplemental instructions were ineffective and, therefore, reverse the trespass conviction as well. Inasmuch as defendant has served his sentence, there is no basis to order a new trial on that charge (*see, People v Flynn*, 79 NY2d 879, 882).

Defendant's remaining contentions have been reviewed and found to be lacking in merit.

MERCURE, J. P., CARPINELLO, MUGGLIN and ROSE, JJ., concur.

Ordered that the judgment is reversed, on the law, and indictment dismissed.