[904 NYS2d 653]

In the Matter of B.H. Children, Children Alleged to be Abused. Robert H. et al., Respondents.

Family Court, Kings County, June 29, 2010

*Warren & Warren*, Brooklyn (*Richard Jay Warren* of counsel), for MercyFirst. *Legal Aid Society*, Brooklyn (*Lauren Katzman* of counsel), for the children. *Jennifer Baum*, Brooklyn, for New York City Children's Services. *Francine Shraga*, Brooklyn, for respondent mother. *Rhonda Weir*, Brooklyn, for respondent father.

### OPINION OF THE COURT

EMILY M. OLSHANSKY, J.

This case presents the question of whether the Family Court has the authority to issue an order of protection against a respondent in a child protective proceeding on behalf of employees of a foster care agency. For the reasons set forth herein, the court concludes that this question must be answered in the negative.

Procedural History

On May 19, 2010, the attorney for the foster care agency, MercyFirst, moved by order to show cause for an order of protection against respondent father in the above-entitled child protective proceeding. The agency sought an order directing respondent father to refrain from making any threats or committing any acts of harassment or intimidation against the employees of MercyFirst, including but not limited to caseworkers L.S. and S.H., and that he stay away from them except during scheduled conferences or at meetings at MercyFirst offices.

The attorney for the agency sought interim relief, asking that pending a decision on the order to show cause, the court issue a temporary order of protection against respondent father. The motion for interim relief was heard by the assigned "Intake" judge the day it was filed.

The intake judge granted the requested interim relief. He directed that service be effectuated by May 21, 2010, at 5:00 P.M. Since the case had previously been assigned to a judge who had been transferred to a different county, the intake judge adjourned the matter to the undersigned for May 26, 2010.

On May 26, 2010, the attorney for the agency, the agency caseworker, the attorney for the child and respondent mother's attorney appeared before the undersigned. The attorney for the agency submitted affidavits of service. Respondent father was not present when the case was called and the court was notified that his attorney was out of the country.

The attorney for the agency asked that the temporary order be continued asserting that Family Court Act § 1056 (1) (c) provided authority for the court to issue an order of protection on behalf of agency caseworkers. Counsel asserted that the statutory reference to "any person to whom custody of the child is awarded" (id.) included employees of the agency. Although the court questioned counsel's interpretation of the statute, it nevertheless continued the intake judge's order pending the adjourned date in order to research the question and allow respondent father's attorney an opportunity to appear. The court noted that it was continuing the intake judge's temporary order without prejudice to objections by the father's attorney on jurisdictional or other grounds. The matter was adjourned to June 21, 2010 and the agency was directed to notify the father's attorney. After the case was adjourned, respondent father appeared indicating that he had been waiting outside of a different courtroom and that he had not been informed that the matter had been adjourned to Part 17.

On May 28, 2010, the attorney for the agency moved by order to show cause for an order finding respondent father in criminal and civil contempt for his alleged willful violation of the temporary orders dated May 19, 2010 and May 26, 2010. In support of the motion, the agency submitted an affidavit from Ms. S. describing a telephone call she received on May 26, 2010. During that telephone call, the unidentified caller said "You are dead, Bitch." Ms. S. said she recognized the voice as being that of respondent father. The court signed the order to show cause, ordered service and made it returnable on June 4, 2010.

On June 4, 2010, the attorney for the agency, the agency caseworker, the attorney for the child, respondent mother's attorney and respondent father's attorney appeared before the undersigned. Respondent father was not present when the case

was called. The attorney for the agency submitted affidavits of service. After the case was adjourned, respondent father appeared presenting his copy of the order to show cause, which did not indicate that the case would be called at any specific time.

The court indicated that it could not continue the temporary order of protection since it had concluded that Family Court lacks statutory authority to issue an order of protection against a parent on behalf of a foster care agency caseworker. The attorney for the agency was advised to prosecute this matter in Criminal Court.

Legal Analysis

Neither Statute nor Case Law Provide the Family Court with Authority to Grant an Order of Protection on Behalf of Foster Care Agency Caseworkers

The Family Court is a court of limited jurisdiction and is possessed of only those powers specifically enumerated in the Constitution and by statute (*Matter of James A.*, 50 AD3d 787 [2d Dept 2008]; *Matter of Mouscardy v Mouscardy*, 63 AD2d 973, 974-975 [2d Dept 1978]).

"Subject matter jurisdiction concerns a court's competence to entertain a particular kind of application" (*Matter of Travis Y.*, 27 Misc 3d 557, 561 [Fam Ct, Queens County 2010], quoting *Matter of H.M. v E.T.*, 65 AD3d 119, 123 [2d Dept 2009]; *see also Thrasher v United States Liab. Ins. Co.*, 19 NY2d 159, 166 [1967]; *Lacks v Lacks*, 41 NY2d 71 [1976]), and "[t]he question of subject matter jurisdiction is a question of judicial power: whether the court has the power, conferred by Constitution or statute, to entertain the case before it" (27 Misc 3d at 561, quoting *Matter of Fry v Village of Tarrytown*, 89 NY2d 714, 718 [1997]; *see also Matter of Ballard v HSBC Bank USA*, 6 NY3d 658 [2006]).

In the instant case, the court lacks subject matter jurisdiction to entertain the agency's motion. The parties do not fall within a relationship classification for which an order of protection may be entered.

Family Court Act § 1056 (1) provides that the court may make an order of protection "in assistance or as a condition of any other order made under this part." The order may set forth reasonable conditions of behavior to be observed by a parent or a person legally responsible for the child's care that is before the court.

Family Court Act § 1056 designates the classes of persons on whose behalf an order of protection may be brought. Those classifications include a "spouse, parent or person legally responsible for the child's care or the child" (Family Ct Act § 1056 [1] [a]); a "person entitled to visitation by a court order or a separation agreement" (Family Ct Act § 1056 [1] [b]); "any person to whom custody of the child is awarded" (Family Ct Act § 1056 [1] [c]); "a designated party to enter the residence in order to remove personal belongings" (Family Ct Act § 1056 [1] [d]); as well as "any companion animal the respondent knows to be owned, possessed, leased, kept or held by the person protected by the order or a minor child residing in such person's household" (Family Ct Act § 1056 [1] [g] [1]).[1]

The question of whether Family Court has jurisdiction to issue an order of protection turns on the nature of the parties' relationship. The agency asserts that Family Court Act § 1056 (1) (c) includes agency caseworkers since it allows for orders of protection on behalf of "any person to whom custody of the child is awarded."

The court rejects this assertion for a number of reasons. First, the agency ignores the plain language of the statute. The statutory language makes no reference to agency employees and there is nothing in Family Court Act § 1056 (1) (c) or § 812 (1) to support the assertion that the Legislature intended to include them.

The caseworkers and respondent do not fit within any prescribed categories. The caseworkers are not members of the subject child's family. They are not now, nor have they ever been, married. They are not related by blood or marriage. They have never lived together. They do not have a child in common

---

1. Family Court Act § 1056 refers to Family Court Act § 812 for the definition of a family offense. Family Court Act § 812 (1) provides protection to "members of the same family or household." The statute defines that phrase to include people who are related by consanguinity or affinity; who are legally married; who were formerly married regardless of whether they still reside in the same household; who have a child in common regardless of whether such persons have been married or have lived together at any time; and who are not related by consanguinity or affinity and who are or have been in an intimate relationship regardless of whether such persons have lived together at any time. Factors the court may consider in determining whether a relationship is an "intimate relationship" include but are not limited to: the nature or type of relationship, the frequency of interaction between the persons; and the duration of the relationship. Neither a casual acquaintance nor ordinary fraternization between two individuals in business or social contexts shall be deemed to constitute an "intimate relationship" (Family Ct Act § 812 [1] [e]).

and are not intimate partners. The order of protection is not sought on behalf of the children or the children's actual caretakers.

Second, neither the agency nor its employees was ever granted "custody" of the subject children. The children were placed in foster care with the Commissioner of Social Services. Since that time, foster care has apparently been continued from one permanency hearing to the next. The terms "custody" and "placed in foster care with the Commissioner" are not synonymous and have never been used interchangeably. A person who is granted "custody" of a child has very different rights and responsibilities than an employee of a foster care agency with planning responsibility for the family. The Legislature specifically authorized the issuance of an order of protection for "any person to whom custody of the child is awarded." There is no reason to assume it also meant to include any employee of the foster care agency.

If the Legislature had intended Family Court Act § 1056 (1) (c) to apply to agency caseworkers, it would have said so explicitly, as it has in recent years, when it has repeatedly amended the statutory provisions to expand the reach of Family Court orders of protection. For example, in 2006, articles 8 and 10 of the Family Court Act were amended to allow for an order of protection prohibiting a respondent from intentionally injuring or killing any companion animal that the respondent knows to be owned, possessed, leased, kept or held by the petitioner or a minor child residing in the household. In 2008, the statutory language was again amended to expand the definition of "members of the same family or household" to include "persons who are not related by consanguinity or affinity and who are or have been in an intimate relationship" (Family Ct Act § 812 [1] [e]). In each instance, when the Legislature expanded the reach of the court's jurisdiction, it has done so explicitly.

Indeed, certain other states have enacted specific statutory provisions to provide jurisdiction to their family courts to grant orders of protection on behalf of caseworkers. In California, for example, whenever

> "a social worker is assigned to provide child welfare services, family reunification services, or other services to a dependent child . . . , the juvenile court may, for good cause shown and after an ex parte hearing, issue its order restraining the parents of the dependent child from threatening the social

worker, or any member of the social worker's family, with physical harm" (*see* Cal Welf & Inst Code § 340.5 [a]).

For purposes of the statute, "good cause" means at least one threat of physical harm to the social worker, or any member of the social worker's family, made by the subject of the restraining order, with the apparent ability to carry out the threat (§ 340.5 [b]). Given the clear legislative authority, the California courts have issued restraining orders in appropriate cases on behalf of agency social workers (*see e.g. In re Trinity G.*, 2002 WL 194223, 2002 Cal App Unpub LEXIS 4058 [2d Dist 2002]; *In re Matthew F.*, 132 Cal App 4th 883, 33 Cal Rptr 3d 909 [4th Dist 2005]). No such authority exists in New York State. Despite the considerable research conducted by this court and by counsel for the agency, not one case could be found which specifically authorizes the Family Court to grant the relief sought pursuant to Family Court Act § 1056 (1) (c) or any other section of the Family Court Act.[2]

Third, expanding the statutory protections of article 10 to include agency employees who are not family members and do not have custody would violate basic rules of statutory construction. Absent ambiguity, a statute should be interpreted literally (McKinney's Cons Laws of NY, Book 1, Statutes § 92). The intention of the Legislature is first to be sought from a literal reading of the act itself (97 NY Jur 2d, Statutes § 102 [1992 ed]). Where the statutory language is clear and unambiguous, the court must give effect to the plain meaning of the words and apply it in accordance with its express terms. The statutory language is to be construed according to the ordinary meaning of the words (*Matter of Jose R.*, 83 NY2d 388 [1994]). Family Court Act § 1056 (1) (c) is reasonably clear and unambiguous. It provides protection to an individual awarded custody of a child and certain members of the child's family and household. The term "custody" is likewise clear and unambiguous. These terms do not require interpretation and do not provide for the relief sought by the agency.

---

**2.** The agency disagrees. It emphasizes that there are two published cases which mention in the procedural history or dicta that a caseworker had been granted an order of protection. The court finds this reasoning unpersuasive. There is no indication in the cases whether the order was issued by the Family Court or whether it was issued on consent or default (*Durven D. v Giuliani*, 2000 WL 1145425, *5-6, 2000 US Dist LEXIS 11473, *15-18 [SD NY 2000]). In any case, even if another Family Court judge had issued an order of protection on behalf of an agency caseworker, it would be insufficient, without more, to persuade this court to do the same.

Furthermore, where a statute expressly describes the particular individuals or class of individuals to which it applies, it is assumed that the individuals omitted or not included were intentionally omitted and excluded (*Goldstein v City of Long Beach*, 28 AD2d 558 [2d Dept 1967], citing McKinney's Cons Laws of NY, Book 1, Statutes § 240, at 307-310, and 2 Sutherland, Statutory Construction § 4917, at 418-421 [3d ed]; *Matter of Jewish Home & Infirmary of Rochester v Commissioner of N.Y. State Dept. of Health*, 84 NY2d 252 [1994]). Likewise, where a statute describes the particular situations in which it is to apply and no qualifying exception is added, "an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded" (*Matter of Jose R.*, 83 NY2d at 394; *People v Jackson*, 87 NY2d 782, 788 [1996]). In other words, since the agency employees were not specifically enumerated in the statute, they are deemed excluded (*Matter of Rachel L. v Abraham L.*, 37 AD3d 720, 721-722 [2d Dept 2007]).

Fourth, given the significant and ever increasing caseloads facing the family courts in general and the child protective parts in particular, this court is reluctant to enter an order on behalf of a new class of litigants without legislative authority to do so. As this case demonstrates, the result will certainly be additional motion practice, court appearances and hearings on contested matters that may not be directly relevant to the well-being of the children involved. Any decision to further expand the reach of Family Court orders of protection should therefore not be made without careful legislative deliberation.

To Sustain a Finding of Contempt, the Person Alleged to have Violated the Order Must have had Actual Knowledge of its Terms and the Court must have had the Authority to Grant the Order

Despite the court's ruling on the temporary order of protection, the agency has requested a hearing on its motion for contempt. The agency has failed to indicate which temporary order of protection was violated. The alleged violation occurred on May 26, 2010. That was the final day of the intake judge's temporary order dated May 19, 2010. It was also the day that this court issued a temporary order of protection. Service of this court's order had not yet been effectuated and respondent father had not been given actual notice.

The court takes no position on the temporary order of protection granted by the intake judge. To the extent that the agency is alleging a violation of that order, the matter is adjourned to

that judge's part on July 27, 2010, 9:30 A.M., for further proceedings.

To the extent that the agency is alleging a violation of the temporary order issued by this court, the motion is denied. An application to adjudicate a party in contempt is treated in the same fashion as a motion, a hearing need not be held where, as here, no issue of fact is raised (*see Mulder v Mulder*, 191 AD2d 541 [2d Dept 1993]; *Riverside Capital Advisors, Inc. v First Secured Capital Corp.*, 28 AD3d 455 [2d Dept 2006]).

This determination is based on several factors. First, at the time the alleged violation occurred, the agency had not served a copy of the May 26, 2010 temporary order upon the father and the agency does not allege that he had been provided with actual notice. A party cannot be held in contempt where he was not served with copies of the underlying order and it was not affirmatively established that he had actual knowledge of the order (*Puro v Puro*, 39 AD2d 873 [1st Dept 1972], *affd* 33 NY2d 805 [1973]; *Graham v Graham*, 152 AD2d 653 [2d Dept 1989] [to sustain a finding of contempt based upon a violation of a court order, it is necessary to establish that a lawful court order, clearly expressing an unequivocal mandate, was in effect and that the person alleged to have violated the order had actual knowledge of its terms]; *Gerelli Ins. Agency, Inc. v Gerelli*, 23 AD3d 341 [2d Dept 2005] [in order for a party to be held in contempt they must have had knowledge of the order that was violated]; *Eves v Ray*, 10 Misc 3d 1058[A], 2005 NY Slip Op 52018[U] [Sup Ct, Suffolk County 2005], *revd on other grounds* 42 AD3d 481 [2d Dept 2007] [the failure to serve a temporary order of protection or give notice to respondent warranted dismissal of contempt allegations]).

Second, since the court lacked jurisdiction to grant the agency employees a temporary order of protection, the underlying order cannot support a finding of contempt. It is well-settled that a party is obligated to comply with a court order, however incorrect it may be, until it is set aside, by appeal or otherwise, so long as the court had jurisdiction over the parties and the subject matter, as well as the authority to grant the specific relief awarded (*Gloveman Realty Corp. v Jefferys*, 29 AD3d 858 [2d Dept 2006]; *Matter of Bickwid v Deutsch*, 229 AD2d 533 [2d Dept 1996] [a court order must be obeyed even if erroneous, as long as the court had jurisdiction and the order is not void]; *Margulies v Margulies*, 42 AD2d 517 [1st Dept 1973], *appeal dismissed* 33 NY2d 894 [1973] [even if the order was erroneous,

defendant was obligated to obey it until it was stayed, vacated or reversed, where the court had jurisdiction over the parties and the subject matter]; *People v Lewis*, 184 Misc 2d 399, 401 [Monroe County Ct 2000]).

Where, however, an order is entered by a court that lacked jurisdiction to grant the relief awarded, the order cannot support a finding of contempt (*Matter of Schulz v State of New York*, 86 NY2d 225, 232 [1995], *cert denied* 516 US 944 [1995]). Such an order is not voidable; it is simply void (*Brougham v Oceanic Steam Nav. Co.*, 205 F 857, 859-860 [2d Cir 1913]). When a court makes such an order, it is a nullity. No one is bound to obey it or is liable for disobeying it. Similarly, if a court has jurisdiction of the proceeding and yet makes an order beyond its authority, the order is void. In the one case, there is action without any authority; in the other, action in excess of authority. In both cases the order is a nullity, and affords no foundation for contempt proceedings (*id.*).

In the instant case, the court lacked jurisdiction to grant a temporary order of protection against a parent on behalf of agency caseworkers and other employees. Accordingly, the temporary order issued by this court from May 26, 2010 to June 4, 2010 is vacated and cannot serve as the basis for a motion for contempt.

Accordingly, it is ordered, that the agency's motion brought on by order to show cause dated May 19, 2010 is denied; and it is further ordered, that to the extent that the agency's motion for contempt is based on an alleged violation of the temporary order of protection issued by the intake judge on May 19, 2010, it is adjourned to July 27, 2010, 9:30 A.M., to that judge's part, for further proceedings; and it is further ordered, that to the extent that the motion for contempt is based on an alleged violation of a temporary order of protection issued by the undersigned on May 26, 2010, it is denied.