People v Gutierrez (2025 NY Slip Op 01947)

People v Gutierrez

2025 NY Slip Op 01947

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2022-00613
 (Ind. No. 143/20)

[*1]The People of the State of New York, respondent,
v
Pedro Domingo Gutierrez, appellant.

Steven A. Feldman, Manhasset, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Tammy J. Smiley and Liora M. Ben-Sorek of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robert G. Bogle, J.), rendered December 21, 2021, convicting him of sexual abuse in the first degree and rape in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545; People v Lopez, 6 NY3d 248). The Supreme Court's colloquy followed, almost verbatim, the model colloquy for the waiver of the right to appeal drafted by the Unified Court System's Criminal Jury Instructions and Model Colloquy Committee, the use of which has been endorsed by this Court (see e.g. People v Batista, 167 AD3d 69, 76-78) and by the Court of Appeals (see People v Thomas, 34 NY3d at 566-567). The defendant's valid waiver of his right to appeal precludes appellate review of his contentions that the sentence imposed was excessive and that it violated the Eighth Amendment of the United States Constitution (see People v Myke, 232 AD3d 913; People v Esson, 225 AD3d 786, 787).
The defendant contends that a final order of protection issued in favor of the victim should be vacated because the Supreme Court failed to state on the record its reasons for issuing the order. While this contention is not barred by the appeal waiver (see People v Cordero, 233 AD3d 1056, 1056), it is unpreserved for appellate review, as it was not raised before the Supreme Court (see People v Beaubrun, 234 AD3d 869, 870; People v Newman, 234 AD3d 877, 878; People v Demilio, 227 AD3d 1098, 1100).
In any event, the contention is without merit. CPL 530.13(4) requires that, where, as here, a temporary order of protection has been issued, the Supreme Court must state on the record "the reasons for issuing or not issuing" a final order of protection. However, the statute does not specify a remedy for the failure to comply with this provision. The legislative history of CPL 530.13(4) reveals that the subject requirement was intended to protect victims from the "grave danger" that could result if, by "oversight," the court failed to consider whether a final order of protection should be issued in place of a temporary order of protection, as it had been held that such temporary orders became null by operation of law upon disposition of the criminal proceeding [*2](Senate Introducer's Mem in Support, Bill Jacket, L 2001, ch. 384 at 3; see People v Bleau, 276 AD2d 131, 133). Thus, in a case, such as the present one, in which the court considered whether or not to issue a final order of protection on behalf of the victim of the offense, and determined to issue the order, it would be antithetical to the legislative intent to vacate the final order of protection on the ground that the court failed to state the reasoning therefor. Granting such relief would subject the victim to the exposure that the Legislature sought to avoid in the first place by requiring a statement of reasoning. Moreover, even if that requirement had been for the defendant's benefit, where courts have violated requirements in other statutes to state the grounds for a certain finding or determination (see Family Ct Act § 1051[a]; CPL 710.60[6]), this Court has, at most, remitted the matters to the issuing courts to permit compliance with these requirements (see e.g. People v Harris, 175 AD3d 1555, 1557-1558; Matter of Fanelli v Orticelli, 170 AD3d 831, 833). Here, the defendant does not challenge the final order of protection on any basis other than the court's failure to state its reasoning, and the only remedy he seeks for this sole error—vacatur of the order—is not an appropriate remedy. We therefore affirm the judgment (cf. People v Moncrieft, 168 AD3d 982, 985 [vacating order of protection where, in addition to failing to state the reasoning therefor, the Supreme Court failed to fix the duration of the order]).
IANNACCI, J.P., WOOTEN, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court