OPINION OF THE COURT
 

 Levine, J.
 

 In 1996, after allegedly participating in an attack against three individuals at a subway station, then 15-year-old respondent Raymond G. was charged with delinquency for multiple counts of assault in varying degrees, the highest being two counts of assault in the first degree (Penal Law § 120.10 [1], [2]), in a designated felony act petition filed in Family Court
 
 (see,
 
 Family Ct Act § 311.1 [5]). Respondent moved to dismiss the top counts on the ground that Family Court lacks original
 
 *534
 
 jurisdiction over acts for which a juvenile could be subject to criminal prosecution.
 

 Family Court denied respondent’s motion and asserted jurisdiction. During the fact-finding hearing, respondent admitted to acts which if committed by an adult would constitute assault in the second degree. He was adjudicated a juvenile delinquent and placed in a limited secure facility for up to 18 months. On respondent’s appeal, the Appellate Division reversed Family Court’s order of disposition and dismissed the petition, holding that, absent an order of removal from a criminal court pursuant to CPL article 725, Family Court lacked jurisdiction over offenses for which a juvenile could be held criminally responsible. The court also granted dismissal of the remaining counts of the petition on speedy hearing grounds
 
 (see,
 
 Family Ct Act § 340.1). The Appellate Division granted petitioner presentment agency leave to appeal upon the certified question of whether its order reversing the order of Family Court was properly made.
 

 We now affirm, concluding that Family Court’s jurisdiction over acts for which a juvenile can be held criminally responsible is limited to transferrals where prosecution was commenced in a criminal court and thereafter was removed to Family Court. Thus, respondent was entitled to dismissal of the first degree assault counts of the petition. The presentment agency does not independently challenge the Appellate Division’s consequent conclusion that, with the assault in the first degree counts dismissed, respondent was denied his right to a speedy hearing on the remaining counts under Family Court Act § 340.1 (1).
 

 Now and since its inception, Family Court has possessed “exclusive original jurisdiction over any proceeding to determine whether a person is a juvenile delinquent” (Family Ct Act § 302.1 [1];
 
 see,
 
 Family Ct Act former § 713, added by L 1962, ch 686;
 
 see also,
 
 NY Const, art VI, § 13 [b]; Family Ct Act § 115 [a] [vi]). Until 1978, a juvenile delinquent was defined as a “person over seven and less than sixteen years of age who does any act which, if done by an adult, would constitute a crime” (Family Ct Act § 712 [former (a)]; L 1978, ch 481, § 47). Thus, had this offense been committed prior to 1978, respondent, who was 15 years old at the time of commission, unquestionably would have been subject to the original and exclusive jurisdiction of Family Court.
 

 In reaction to a perceived epidemic of violent criminal conduct by juveniles, however, in 1978 the Legislature
 
 *535
 
 “ ‘criminalized’ several serious acts committed by thirteen-, fourteen-, and fifteen-year-old youths” (Besharov and Sobie, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 301.2, at 25). Thus, the Legislature divested the Family Court of original jurisdiction over such acts in favor of original jurisdiction in the adult criminal justice system
 
 (see,
 
 Donnino, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law § 10.00, at 24 [for certain crimes, 13, 14 and 15 year olds are subjected to “prosecution in a criminal court
 
 rather than
 
 to a proceeding in the Family Court” (emphasis supplied)]; Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 180.75, at 167 [referring to the youths who, after the 1978 amendments “would be dealt with by the adult system
 
 rather than
 
 in Family Court” (emphasis supplied)]; Bellacosa, Practice Commentary, McKinneys Cons Laws of NY, Book 11A [1982 ed], CPL 180.75, at 165 [pertinent 1978 amendments to the CPL were added as “part of a detailed legislative scheme to
 
 transfer
 
 responsibility for the most violent juveniles from Family to Criminal Courts” (emphasis supplied)]).
 

 The statutory means chosen by the Legislature to execute the task of “criminalizing” certain juvenile offenses through divestiture of Family Court original jurisdiction began with creating a class of “juvenile offenders” consisting of 15, 14, and in a few instances, 13 year olds who are accused of committing any of a number of specifically named serious violent felonies
 
 (see,
 
 Penal Law § 10.00 [18]; CPL 1.20 [42]). Next, the Legislature provided for the divestiture of Family Court’s original jurisdiction over these juvenile offenders by recasting the Family Court Act definition of juvenile delinquent to exclude them, while at the same time making correlative revisions to the Penal Law to render juvenile offenders subject to criminal prosecution (L 1978, ch 481, §§ 28, 47).
 

 As revised, “juvenile delinquent” is defined as “a person over seven and less than sixteen years of age, who, having committed an act that would constitute a crime if committed by an adult, (a)
 
 is not criminally responsible for such conduct by reason of infancy,
 
 or (b)
 
 is the defendant in an action ordered removed from a criminal court
 
 to the family court pursuant to article seven hundred twenty-five of the criminal procedure law” (Family Ct Act § 301.2 [1] [emphasis supplied]). To complement the new definition of juvenile delinquent, Penal Law § 30.00, the infancy defense, was amended to expressly exclude the availability of the defense to juvenile offenders
 
 *536
 
 (see, Penal Law § 30.00 [2], as amended by L 1978, ch 481, § 28). Thus, Family Court’s
 
 original
 
 jurisdiction was eliminated for persons under the age of 16 who, having been deprived of an infancy defense, can be held criminally responsible for their actions.
 

 Here, respondent had no infancy defense under Penal Law § 30.00 (2) and thus, initially could be held criminally responsible for the alleged assault. As a result, Family Court has no jurisdiction over respondent unless and until he were to become “the defendant in an action ordered removed from a criminal court to the family court” (Family Ct Act § 301.2 [1] [b]).
 

 This Court addressed the impact of the 1978 amendments to the Family Court Act in
 
 Matter of Vega v Bell
 
 (47 NY2d 543, 551):
 

 “All youngsters over a certain age who are accused of certain criminal activities are now
 
 automatically
 
 prosecuted within the adult criminal justice system unless there exist certain special circumstances warranting more lenient treatment and
 
 transfer
 
 to the Family Court” (emphasis supplied).
 

 We recognized in
 
 Matter of Vega v Bell
 
 that the 1978 Legislature had decided that subjecting certain juveniles to criminal prosecution was “necessary to control violent juvenile crime in the face of what was considered to be the failure of the traditional means of treating that problem”
 
 (id.,
 
 at 548). Thus, consistent with the legislative goal that juvenile offenders will, as a general rule, be prosecuted as adults, Family Court does not have jurisdiction over such youths except where the juvenile offender’s case has been removed from a criminal court to Family Court.
 

 The presentment agency nevertheless argues that the legislative scheme preserves concurrent original jurisdiction over juvenile offenders in Family Court and, thus, the District Attorney has the discretion to authorize initial prosecution in that court. Its argument is two-fold. First, it contends that respondent fits within the amended definition of “juvenile delinquent” because Penal Law § 30.00 (3) still makes infancy a defense in
 
 any
 
 criminal prosecution. That section provides “[i]n any prosecution for an offense, lack of criminal responsibility by reason of infancy,
 
 as defined in this section,
 
 is a defense” (Penal Law § 30.00 [3] [emphasis supplied]). The presentment agency’s argument wholly ignores the above-emphasized words, in that subdivision (2) of section 30.00 expressly eliminates the defense of infancy for all juvenile offenders.
 

 
 *537
 
 Second, the presentment agency relies heavily on the fact that the 1978 Legislature, when providing that certain juveniles would be subject to criminal prosecution, left intact the definition of “designated felony acts” in article 3 of the Family Court Act — a definition which includes first degree assault and the other acts that are now subject to criminal prosecution (Family Ct Act § 301.2 [8]). Designated felony acts are a subset of juvenile delinquency, created by the Legislature in 1976 (L 1976, ch 878). There were no new jurisdictional prerequisites added to the Family Court Act in relation to this amendment because the purpose of creating the designated felony acts category was primarily to authorize more stringent sanctions by way of a lengthier, more secure placement
 
 (see, e.g.,
 
 Family Ct Act §§ 353.5, 355.3;
 
 see also,
 
 Besharov and Sobie,
 
 op. cit.,
 
 at 27). Essentially, the presentment agency argues that because the Legislature did not eliminate those offenses which are now subject to criminal prosecution from the definition of designated felony acts, it necessarily left original jurisdiction over those offenses in Family Court.
 

 The presentment agency’s reliance on the designated felony act provisions of the Family Court Act is misplaced. The continued inclusion of those provisions of Family Court Act article 3 concerning designated felony acts does not support the conclusion that Family Court has retained concurrent
 
 original
 
 jurisdiction over juvenile offenders such as respondent. First, while there is an overlap between juvenile offender crimes and designated felony acts, there are a number of designated felony acts which are not also juvenile offenses
 
 (compare,
 
 Family Ct Act § 301.2 [8] [including,
 
 inter alia,
 
 second degree assault in some instances, and first degree kidnapping and first degree arson when committed by a 13 year old],
 
 with
 
 CPL 1.20 [42]; Penal Law § 10.00 [18]; § 30.00 [2] [not including second degree assault under any circumstances and limiting criminal prosecutions of 13 year olds to murder cases]). Obviously then, as to those offenses that are designated felony acts but do not give rise to juvenile offender status, Family Court’s original jurisdiction had to be retained because the defense of infancy is still available to youths charged with those offenses.
 

 Second, in the event a juvenile offender’s case is removed to Family Court from a criminal court, Family Court has jurisdiction to consider all of the counts charged against the youth, including those designated felony acts over which Family Court lacked original jurisdiction. Thus, the provisions in article 3 of
 
 *538
 
 the Family Court Act for disposition of designated felony acts had to remain intact in order to subject the transferee to the restrictive placements provided for therein.
 

 In addition to being contrary to the clear language of the statutes and the evident legislative intent to divest Family Court of original jurisdiction over juvenile offenders, the presentment agency’s theory of concurrent jurisdiction would confer upon the prosecutor a discretion not authorized by the statutory scheme. So long as there is an extant charge pending against a defendant under the age of 16 for which that youth may be held criminally responsible, a transfer to Family Court may not be effected unless a criminal court reviews the case and finds removal to be within “the interests of justice”
 
 (see,
 
 CPL 180.75 [4]; 210.43 [1]; 220.10 [5] [g] [iii]; 330.25 [3];
 
 cf.,
 
 CPL 190.71 [removal authorized where Grand Jury fails to indict the juvenile on any offense for which criminal liability may be imposed]; CPL 310.85 [3] [removal necessary where verdict of guilty is returned only on a charge for which the juvenile defendant is not criminally responsible]). Thus, the presentment agency’s position that, at the election of the District Attorney, a juvenile offender can be charged originally in Family Court, would circumvent the legislative directive to have juvenile offenses criminally prosecuted except in those instances where a court finds removal appropriate.
 

 Accordingly, the order of the Appellate Division should be affirmed, without costs, and the certified question not answered as unnecessary given the fact that the Appellate Division order dismissing the petition was final.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Ciparick, Wesley and Rosenblatt concur.
 

 Order affirmed, without costs. Certified question not answered upon the ground that it is unnecessary.