■ COUNTY OF MONROE, Respondent, v CITY OF ROCHESTER et al., Respondents, et al., Defendants. [834 NYS2d 817]—

Appeals from a judgment (denominated judgment and order) of the Supreme Court, Monroe County (Craig J. Doran, A.J.), entered July 6, 2006 in a declaratory judgment action. The judgment declared, inter alia, that, in the event that plaintiff elects the sales tax intercept option codified in Tax Law § 1261 (f), the

net collections distributed to defendants pursuant to Tax Law former § 1262-g would be reduced by the amount of sales tax revenue deducted by the State to cover plaintiff's Medicaid contribution.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs and the complaint is dismissed.

Memorandum: The appealing municipalities and school districts appeal from a judgment declaring, inter alia, that, in the event that plaintiff elects the sales tax intercept option codified in Tax Law § 1261 (f), the net collections distributed to defendants pursuant to Tax Law former § 1262-g would be reduced by the amount of sales tax revenue deducted by the State to cover plaintiff's Medicaid contribution. Here, however, the sales tax intercept option will not be effective unless and until plaintiff elects to adopt it by resolution (*see* L 2005, ch 58, part C, § 2 [b] [i]). We therefore do not address the merits of the complaint because it seeks an advisory opinion, and we conclude that the judgment must be reversed and the complaint dismissed. "The courts of New York do not issue advisory opinions for the fundamental reason that in this State '[t]he giving of such opinions is not the exercise of the judicial function' " (*Cuomo v Long Is. Light. Co.*, 71 NY2d 349, 354 [1988]; *see Herzog Bros. Trucking v State Tax Commn.*, 72 NY2d 720, 725 [1988]; *New York Pub. Interest Research Group v Carey*, 42 NY2d 527, 531 [1977]; *Hollows at Loch Lea Assn., Inc. v Town of Clarence*, 8 AD3d 994, 995 [2004]). The fact that the parties agree that we should address the merits of the appeal is of no moment, inasmuch as the parties cannot "by agreement confer subject matter jurisdiction upon [a] court where there is none" (*Cuomo*, 71 NY2d at 351; *see generally Matter of Ballard v HSBC Bank USA*, 6 NY3d 658, 663 [2006]). Present—Scudder, P.J., Hurlbutt, Green and Pine, JJ.