OPINION OF THE COURT
John M. Hunt, J.
By petition filed pursuant to Family Court Act § 310.1, respondent is alleged to have committed acts which, were he an adult, would constitute the crimes of attempted rape in the first degree, sexual abuse in the first and third degrees, rape in the third degree, forcible touching and sexual misconduct.
Specifically, the juvenile delinquency petition filed with this court alleges that on January 2, 2010 in Queens County the respondent, who was born on May 27, 1995, committed multiple sex offenses against the victim, who is alleged to have been born on February 12, 1998.[1] The supporting deposition of the alleged victim states, in pertinent part, that at approximately 12:00 a.m. on January 2, 2010 inside of a private residence:
“[T]he respondent put his fingers inside of my vagina and moved them in and out. I kept telling him to stop. He then put his penis inside of my vagina and kept it in there for a few minutes. I kept telling him to stop. I kept trying to get up but I couldn’t because the respondent kept pushing me back down. I didn’t tell him it was okay to do any of this. When he took his penis out of my vagina, my vagina felt wet. The respondent later told me not to tell anyone.
“I was born on February 12, 1998 and I turned eleven years old on my last birthday. When this happened to me, I was eleven years old. On the day this happened, the respondent was taller, stronger and older than me.”
The parties appeared for an initial appearance upon the juvenile delinquency petition on February 1, 2010 and the proceedings were adjourned in accordance with Family Court Act § 320.2 (1) so that the court could consider whether it has juris *559 diction over this juvenile delinquency proceeding. At the time of respondent’s appearance for the initial appearance on February 1, 2010, the court observed that the nonhearsay factual allegations in the victim’s supporting deposition, if true, establish that the respondent, who was 14 years old on January 2, 2010, committed an act which would constitute the completed crime of rape in the first degree against the 11-year-old victim,[2] 3that the defense of infancy is inapplicable to a charge of rape in the first degree committed by a person who is 13 years of age or older, and that such a charge constitutes a juvenile offense as defined by Penal Law § 10.00 (18) and Criminal Procedure Law § 1.20 (42). Given that the Family Court lacks jurisdiction to entertain a juvenile delinquency proceeding in which the respondent is alleged to have committed a juvenile offense absent a removal of the charges to the Family Court by a criminal court, it was not apparent that this court has jurisdiction to entertain this proceeding.
The Constitution and the Family Court Act grant “exclusive original jurisdiction” over juvenile delinquency proceedings to the Family Court (NY Const, art VI, § 13; Family Ct Act §§ 114, 115 [a] [vi]).[3]
Family Court Act § 301.2 defines a “juvenile delinquent” as
*560 “a person over seven and less than sixteen years of age, who, having committed an act that would constitute a crime if committed by an adult, (a) is not criminally responsible for such conduct by reason of infancy, or (b) is the defendant in an action ordered removed from a criminal court pursuant to article seven hundred twenty-five of the criminal procedure law” (Family Ct Act § 301.2 [1]).
Accordingly, a juvenile delinquent is either: (i) a person between the ages of 7 and 15 who commits an act which, if committed by an adult, would constitute a crime (i.e., a misdemeanor or felony) (Matter of Natasha C., 80 NY2d 678, 680 [1993]; Matter of Victor M., 9 NY3d 84, 87 [2007]), or (ii) a person who is the defendant in a criminal action which is removed from a criminal court to the Family Court in accordance with article 725 of the Criminal Procedure Law (see Matter of Desmond J., 93 NY2d 949, 950 [1999]; Matter of Michael M., 3 NY3d 441, 445-446 [2004]).
“Prior to September 1, 1978, children under the age of 16 were not subject to criminal sanctions in New York State in any circumstances. Instead, juveniles who performed acts which would have been crimes had they been committed by adults, were all dealt with through a separate juvenile delinquency, system” (Matter of Vega v Bell, 47 NY2d 543, 547 [1979]; see e.g. People v Lewis, 260 NY 171 [1932]).
However, in 1978 “[i]n reaction to a perceived epidemic of violent criminal conduct by juveniles . . . the Legislature ‘criminalized’ several serious acts committed by thirteen-, fourteen-, and fifteen-year-old youths” (Matter of Raymond G., 93 NY2d 531, 534-535 [1999] [citation omitted]). As a result of the 1978 amendments to the Family Court Act, Penal Law and Criminal Procedure Law, “juveniles between the ages of 13 and 15 who are charged with certain enumerated, serious crimes of violence are now classified as ‘juvenile offenders’ and are prosecuted within the adult criminal justice system” (Matter of Vega v Bell at 547; see Matter of Equcon M., 291 AD2d 332 [2002]).
In creating the status of “juvenile offender” (Penal Law § 10.00 [18]; CPL 1.20 [42]), the Legislature sought “to control violent juvenile crime in the face of what was considered to be the failure of the traditional means of treating the problem” (Matter of Vega v Bell at 548), and the 1978 statutory amendments “ ‘criminaliz[ed]’ certain juvenile offenses through divestiture of Family Court original jurisdiction ... by recast *561 ing the Family Court Act definition of juvenile delinquent to exclude them, while at the same time making correlative revisions to the Penal Law to render juvenile offenders subject to criminal prosecution” (Matter of Raymond G. at 535; see People v Killeen, 198 AD2d 233 [1993], lv denied 82 NY2d 926 [1994]).[4]
Accordingly, under the present statutory regime, a person 13, 14 or 15 years of age who is accused of having committed a juvenile offense is “now automatically prosecuted within the adult criminal justice system unless there exist certain special circumstances warranting more lenient treatment and transfer to the Family Court” (Matter of Vega v Bell at 551 [emphasis added]). Therefore, where a youth of 13, 14 or 15 years of age has committed one or more of the specified violent crimes which have been designated as juvenile offenses, that youth must be prosecuted in accordance with the statutory regime governing youthful offenders. Compliance with the youthful offender procedures, which include the opportunity to obtain removal of the criminal action to the Family Court at various stages of a criminal action, is mandatory because “the Legislature [has] divested the Family Court of original jurisdiction over such acts in favor of original jurisdiction in the adult criminal system” (Matter of Raymond G. at 535).
“Subject matter jurisdiction concerns a court’s competence to entertain a particular kind of application” (Matter of H.M. v E.T., 65 AD3d 119, 123 [2009]; see also Thrasher v United States Liab. Ins. Co., 19 NY2d 159, 166 [1967]; Lacks v Lacks, 41 NY2d 71, 75-76 [1976]), and “[t]he question of subject matter jurisdiction is a question of judicial power: whether the court has the power, conferred by Constitution or statute, to entertain the case before it” (Matter of Fry v Village of Tarrytown, 89 NY2d 714, 718 [1997]; see also Matter of Ballard v HSBC Bank USA, 6 NY3d 658, 663 [2006]).
Insofar as relevant to the proceeding before this court, it is clear that the 1978 statutory amendments (L 1978, ch 481) modified the subject matter jurisdiction of the Family Court as
*562 “Family Court’s original jurisdiction was eliminated for persons under the age of 16 who, having been deprived of an infancy defense, can be held criminally responsible for their actions [and] . . .
“Family Court has no jurisdiction over respondent unless and until he [or she] were to become ‘the defendant in an action ordered removed from a criminal court to the family court’ ” (Matter of Raymond G. at 536).
“Thus, consistent with the legislative goal that juvenile offenders will, as a general rule, be prosecuted as adults, Family Court does not have jurisdiction over such youths except where the juvenile offender’s case has been removed from a criminal court to Family Court” (id.).
It is equally beyond dispute that litigants cannot confer subject matter jurisdiction upon a court where the tribunal is not otherwise competent to entertain a proceeding (Cuomo v Long Is. Light. Co., 71 NY2d 349, 351 [1988]; Morrison v Budget Rent A Car Sys., 230 AD2d 253, 260 [1997]; County of Monroe v City of Rochester, 39 AD3d 1272, 1273 [2007]; Burke v Aspland, 56 AD3d 1001, 1003 [2008], lv denied 12 NY3d 709 [2009]), a principle which is elucidated by the Court’s decision in Matter of Raymond G. In that case, the presentment agency sought to charge an alleged juvenile delinquent with committing assault in the first degree, a juvenile offense to which the defense of infancy could not be asserted. In affirming the dismissal of the juvenile delinquency petition, the Court held that the 1978 statutory amendments had divested the Family Court of original jurisdiction to entertain a juvenile delinquency proceeding where the juvenile is alleged to have committed an act which is a juvenile offense. Instead of the commencement of a juvenile delinquency proceeding directly in the Family Court, the prosecution of a juvenile who commits a juvenile offense must be initiated in a criminal court, and the Family Court would only acquire jurisdiction over the case in the event that it was removed to the Family Court by the criminal court in accordance with the procedures set forth in the Criminal Procedure Law.
Simply put, where no criminal action has been commenced against the juvenile, the presentment agency cannot confer or restore Family Court’s original jurisdiction over a juvenile delinquency proceeding involving a juvenile who committed a juvenile offense by the filing of a juvenile delinquency petition *563 containing the juvenile offense. Prosecution of that juvenile must commence in a criminal court and Family Court has no jurisdiction unless and until the criminal action is removed.
This case is no different. Here the juvenile is alleged to have committed an act constituting rape in the first degree, a juvenile offense. No criminal action appears to have been commenced against him in any criminal court. While the presentment agency did not file a juvenile delinquency petition containing the charge of rape in the first degree against the respondent, unlike Matter of Raymond G., where the juvenile offense was included in the juvenile delinquency petition, this is a distinction without significance. The issue is not what particular charges are contained in the juvenile delinquency petition, but rather, whether the juvenile has committed an act for which he or she is criminally liable. If the juvenile has committed a juvenile offense, the Family Court lacks original jurisdiction to entertain the proceeding unless an order of removal is issued by a criminal court. The Legislature has deemed that violent juvenile offenses committed by children age 13, 14 or 15 be prosecuted in the adult criminal justice system, subject to a postcommencement removal to Family Court. A juvenile who commits a juvenile offense is no longer within the definition of a juvenile delinquent unless the criminal action concludes with a removal of the action to the Family Court (CPL 725.10 [2]).
The presentment agency cannot circumvent this legislatively imposed limitation upon the Family Court’s original jurisdiction by filing a juvenile delinquency petition containing a juvenile offense charge where no criminal action has been commenced. For the same reason, logic dictates that it is equally impermissible for the presentment agency to attempt to circumvent the jurisdictional limitation by filing a juvenile delinquency petition containing lesser included nonjuvenile offense charges in the absence of a criminal prosecution. Where the juvenile has committed a juvenile offense the defense of infancy does not apply. Any prosecution for such criminal conduct must commence with the filing of an accusatory instrument in a criminal court.
This does not mean, of course, that the District Attorney must commence a criminal action against every juvenile who commits a juvenile offense. Clearly, the District Attorney is vested with broad discretion to determine who and what to prosecute (People v Zimmer, 51 NY2d 390, 395 [1980]; Matter of Schumer v Holtzman, 60 NY2d 46, 52 [1983]; Matter of Holtzman v Goldman, 71 NY2d 564, 573 [1988]; People v Harper, 75 *564 NY2d 313, 318 [1990]; People v Glanda, 18 AD3d 956, 959 [2005], lv denied 6 NY3d 848 [2006]). However, in the event that the District Attorney declines to initiate a criminal action against a juvenile who has committed a juvenile offense, it does not follow that the presentment agency can file a juvenile delinquency petition concerning the incident involving the juvenile offense, whether or not the juvenile offense is specifically charged in the petition. The Family Court is simply not authorized to entertain a juvenile delinquency proceeding involving the commission of a juvenile offense absent a removal of a criminal action to this court.
It is, therefore, ordered, that the juvenile delinquency petition filed against the respondent on February 1, 2010 is hereby dismissed; and it is further ordered, that the entry of the order of dismissal and the sealing of the record of this proceeding is stayed for a period of 45 days from this date; and it is further ordered, that pursuant to Family Court Act § 304.2, the temporary order of protection issued by this court on January 20, 2010 and extended by the orders dated February 1, 2010 and February 8, 2010, is hereby further extended upon the same terms and conditions for a period of 45 days from today’s date.

. The crimes charged in the petition are attempted rape in the first degree (Penal Law §§ 110.00, 130.35 [1]), sexual abuse in the first degree (Penal Law § 130.65 [1]), rape in the third degree (Penal Law § 130.25 [3]), forcible touching (Penal Law § 130.52), sexual abuse in the third degree (Penal Law § 130.55) and sexual misconduct (Penal Law § 130.20 [1]).

. The present version of Penal Law § 130.35 provides, in pertinent part, that “[a] person is guilty of rape in the first degree when he or she engages in sexual intercourse with another person . . . [b]y forcible compulsion” (Penal Law § 130.35 [1]; see generally People v Liberta, 64 NY2d 152, 159 [1984], cert denied 471 US 1020 [1985]). “Sexual intercourse” consists of “any penetration, however slight” (Penal Law § 130.00 [1]; e.g. People v Carroll, 95 NY2d 375, 383 [2000]; People v Castaldi, 24 AD3d 567 [2005], lv denied 6 NY3d 810 [2006]; People v Brown, 67 AD3d 1197, 1198 [2009]), and “forcible compulsion” means the use of physical force or a threat of physical force which places the victim in fear of immediate death or physical injury to herself or another person (Penal Law § 130.00 [8]; e.g. People v Kittles, 23 AD3d 775, 776 [2005], lv denied 6 NY3d 755 [2005]; People v Alford, 287 AD2d 884, 886 [2001], lv denied 97 NY2d 750 [2002]). Forcible compulsion takes into account “ ‘the state of mind produced in the victim by the defendant’s conduct,’ considering all ‘relevant factors including] the age of the victim, the relative size and strength of the defendant and victim, and the nature of the defendant’s relationship to the victim’ ” (People v Maggio, 70 AD3d 1258, 1258-1259 [citations omitted]; see also People v Scanlon, 52 AD3d 1035, 1038 [2008], lv denied 11 NY3d 741 [2008]).

. The exclusive original jurisdiction of the Family Court is subject to the constitutional grant of general jurisdiction to the Supreme Court (NY Const, art VI, § 7; see Kagen v Kagen, 21 NY2d 532, 537-538 [1968]; Paul B. S. v Pamela J. S., 70 NY2d 739, 741 [1987]; Green v Montgomery, 95 NY2d 693, 699 [2001]; Kosovsky v Zahl, 52 AD3d 305 [2008]; Matter of Daniel D., 57 AD3d 444 [2008], lv dismissed 12 NY3d 906 [2009]).

. The revisions to the Penal Law essentially consisted of amending Penal Law § 30.00 to exclude infancy as a defense to the enumerated juvenile offenses (see Matter of Raymond G. at 535-536). The defense of infancy, however, still absolves a juvenile of criminal responsibility for acts which do not constitute a juvenile offense, regardless of the forum in which the action is adjudicated (e.g. Matter of Jessie C., 164 AD2d 731, 735 [1991], appeal dismissed 78 NY2d 907 [1991]; People v McFadden, 194 AD2d 566, 567 [1993], lv denied 82 NY2d 722 [1993]; People v Faith QQ., 20 AD3d 584 [2005]; People v McKoy, 60 AD3d 1374, 1375 [2009], lv denied 12 NY3d 856 [2009]).