08-3859-cr
United States v. Smith

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of May, two thousand ten.

PRESENT:   ROBERT D. SACK,
           REENA RAGGI,
           PETER W. HALL,
                   *Circuit Judges.*
---------------------------------------------------------
UNITED STATES OF AMERICA,
           *Appellee*,


           v.                                              No. 08-3859-cr


ODIS LAMAR SMITH,
           *Defendant-Appellant.*
---------------------------------------------------------
APPEARING FOR APPELLANT:      MARK D. HOSKEN (Jay S. Ovsiovitch, *on the brief*), Federal Public Defender's Office, Western District of New York, Rochester, New York.

APPEARING FOR APPELLEE:       JOSEPH J. KARASZEWSKI, Assistant United States Attorney, *for* Kathleen M. Mehltretter, Acting United States Attorney for the Western District of New York, Buffalo, New York.

     Appeal from the United States District Court for the Western District of New York

(Charles J. Siragusa, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on August 4, 2008, is AFFIRMED in part and VACATED in part and the case is REMANDED for further proceedings.

Defendant Odis Lamar Smith pleaded guilty to possession with intent to distribute and distribution of 50 grams or more of cocaine base, see 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime, see 18 U.S.C. § 924(c)(1). Smith contends that his 240-month prison sentence is procedurally unreasonable because the district court (1) ordered that prison terms of 180 months on the narcotics count and 60 months on the firearms count run consecutively and (2) sentenced him as a career offender based in part on his 1995 New York state adjudication as a "youthful offender." We assume familiarity with the facts and procedural history, which we reference only as necessary to explain our decision.

1.      The Imposition of Consecutive Sentences Was Not Required

Title 18 U.S.C. § 924(c)(1)(A) criminalizes the use or carrying of a firearm during and in relation to a crime of violence or a drug trafficking crime and imposes specified mandatory minimum terms of incarceration in addition to the punishment provided for the underlying crime "[e]xcept to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law." In United States v. Whitley, 529 F.3d 150 (2d Cir. 2008), we interpreted this "except" clause to mean that a mandatory minimum sentence prescribed under § 924(c) need not run consecutively to any greater mandatory minimum

2

sentence. See id. at 153. In United States v. Williams, 558 F.3d 166 (2d Cir. 2009), we extended Whitley, holding that a district court's contrary interpretation of § 924(c) constituted plain error. See id. at 169 n.2, 176.

Here, ruling before Whitley and Williams, the district court concluded that Smith's mandatory minimum sentence of 60 months' incarceration on his § 924(c) conviction must run consecutively to his sentence on his narcotics conviction under 21 U.S.C. § 841(a), even though the latter conviction carried a mandatory minimum of 120 months' imprisonment. See 21 U.S.C. § 841(b)(1)(A). This ruling, though not objected to below, was plain error requiring a remand for resentencing.[1] See United States v. Williams, 558 F.3d at 170. In resentencing Smith, the district court of course retains discretionary authority to impose a consecutive sentence consistent with its responsibility under 18 U.S.C. § 3553. See United States v. Whitley, 529 F.3d at 158.

2.    The Guidelines Calculation Was Not an Abuse of Discretion

Smith contends that the district court further erred by sentencing him as a "career offender" under § 4B1.1 of the Sentencing Guidelines based in part on his 1995 adjudication

---

[1] We are mindful that the United States has petitioned for a writ of certiorari in Williams, see United States v. Williams, 558 F.3d 166 (2d Cir. 2009), petition for cert. filed, 78 U.S.L.W. 3254 (U.S. Oct. 20, 2009) (No. 09-466), and that the Supreme Court has in fact granted certiorari in United States v. Abbott, 574 F.3d 203 (3d Cir. 2009), cert. granted, 130 S. Ct. 1284 (Jan. 25, 2010) (No. 09-479), and United States v. Gould, 329 F. App'x 569 (5th Cir. 2009), cert. granted, 130 S. Ct. 1283 (Jan. 25, 2010) (No. 09-7073), which also address mandatory consecutive sentencing under § 924(c). Nevertheless, in the absence of any contrary authority from the Supreme Court, our existing precedents compel the conclusion that the imposition of a mandatory consecutive sentence in the instant case was plain error.

as a "youthful offender" under New York law. We review the district court's interpretation of the Sentencing Guidelines de novo, see United States v. Cuello, 357 F.3d 162, 164 (2d Cir. 2004), and its application of the Guidelines in a particular case for abuse of discretion, see United States v. Parker, 577 F.3d 143, 147 (2d Cir. 2009).

A defendant is a career offender if "(1) [he] was at least eighteen years old at the time [he] committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) [he] has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). A "prior felony conviction" is defined as "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year." Id. § 4B1.2 Application Note 1. "A conviction for an offense committed prior to age eighteen is an adult conviction if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted." Id. There is no dispute that Smith satisfied the first two elements. The district court concluded that he satisfied the third based on 1995 and 1997 state convictions for second-degree robbery.

Because Smith was fourteen years old when he engaged in the conduct underlying the 1995 conviction, he was prosecuted as a "juvenile offender" under N.Y. Penal Law § 30.00(2), which permits a fourteen-year-old charged with second-degree robbery to be tried as an adult. See also N.Y. Penal Law § 10.00(18) (defining "juvenile offender"); In re Raymond G., 93 N.Y.2d 531, 536, 693 N.Y.S.2d 482, 488 (1999) (describing intent of

4

legislature that "juvenile offenders will, as a general rule, be prosecuted as adults"). Further, Smith's conviction was vacated and replaced with a "youthful offender" adjudication. See N.Y. Crim. Proc. Law § 720.35. Such "youthful offender" treatment is available to "juvenile offenders" at the discretion of the sentencing court, see id. § 720.10; People v. Victor J., 283 A.D.2d 205, 206, 724 N.Y.S.2d 162, 163 (1st Dep't 2001), and affords certain procedural protections, see N.Y. Crim. Proc. Law § 720.35 (providing, inter alia, that record of youthful offender adjudication must be sealed). Smith was sentenced to one to three years' incarceration, and he served one year in a secure facility operated by New York's Division of Youth.

As Smith acknowledges, a youthful offender adjudication may constitute a prior felony conviction for purposes of U.S.S.G. § 4B1.1. See United States v. Jones, 415 F.3d 256, 264 (2d Cir. 2005). Smith argues, however, that his 1995 youthful offender adjudication was not an adult conviction because he did not serve his sentence in an adult correctional facility. We disagree. To be sure, our decision in Jones took account of the facility in which the defendant was incarcerated. See id. ("Thus, Jones's 1993 youthful offender adjudications should be deemed 'adult convictions' as Jones (1) pleaded guilty to both felony offenses in an adult forum and (2) received and served a sentence of over one year in an adult prison for each offense."). But we have also explained that "[t]here is no set formula for determining 'the substantive consequence of the criminal proceeding underlying the youthful offender adjudication.' The determination is a function of many variables, no single one of which is

dispositive." United States v. Jackson, 504 F.3d 250, 253 (2d Cir. 2007) (quoting United States v. Jones, 415 F.3d at 264) (internal citation omitted); see also id. ("At no time in our holding [in United States v. Sampson, 385 F.3d 183 (2d Cir. 2004)] did we suggest that a district court must make a finding of fact on the issue of where a defendant served his youthful offender sentence."). Moreover, the Guidelines require only that a "prior felony offense" be "punishable by . . . imprisonment for a term exceeding one year," U.S.S.G. § 4B1.2 Application Note 1 (emphasis added); see also United States v. Carrillo, 991 F.2d 590, 593-94 (9th Cir. 1993) (rejecting argument that conviction resulting in commitment to California Youth Authority was not adult conviction because "the language and the structure of the Guidelines and commentary support the government's interpretation that an 'adult sentence' is any sentence imposed pursuant to an 'adult conviction'"). Thus, we identify no error in the district court's interpretation of the Sentencing Guidelines.

Nor do we detect abuse of discretion in the district court's application of the Sentencing Guidelines to Smith's case. Smith's 1995 conviction for second-degree robbery was "classified as an adult conviction under the laws of the jurisdiction," and was "punishable by . . . imprisonment for a term exceeding one year." U.S.S.G. § 4B1.2 Application Note 1. That Smith served his sentence in a youth facility pursuant to the express requirement of state law, see N.Y. Penal Law § 70.20(4)(a), does not mitigate the seriousness of his offense, particularly where that offense, like those underlying his second and third convictions, involved a firearm.

6

We have considered Smith's remaining contentions on appeal, and they are without

merit.  Accordingly, the judgment of the district court is AFFIRMED in part and VACATED

in part and the case is REMANDED for resentencing consistent with this decision.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court