[908 NYS2d 328]

In the Matter of KAMINSKI G., a Person Alleged to be a Juvenile Delinquent, Respondent.

Family Court, Queens County, September 2, 2010

APPEARANCES OF COUNSEL

*Michael A. Cardozo, Corporation Counsel*, New York City (*Latoya S. Jeffers* of counsel), for presentment agency. *Nadeen Gayle*, Brooklyn, for respondent.

## OPINION OF THE COURT

JOHN M. HUNT, J.

By petition filed pursuant to Family Court Act § 310.1 on September 1, 2010, the respondent is alleged to have committed acts which, were he an adult, would constitute the crimes of attempted robbery in the first degree, robbery in the second degree, grand larceny in the fourth degree, criminal possession of stolen property in the fifth degree, criminal possession of a weapon in the fourth degree, and menacing in the second degree. The court conducted the initial appearance upon the petition, counsel was appointed for the respondent, and the court directed that respondent be detained by the New York City Department of Juvenile Justice until the next court day for further proceedings.

The juvenile delinquency petition, including its sole supporting deposition, reflects that the charges set forth in this petition arose out of an incident which is alleged to have occurred in Queens County on August 3, 2010, during which it is claimed that the respondent, who is 14 years old, and two unknown accomplices forcibly stole property which included a wallet, an iPod touch, an Amazon Kindle, car keys, and a motor vehicle from the victim. The petition specifically alleges that the respondent possessed, used or threatened the immediate use of a dangerous instrument, a baseball bat, in order to effectuate the forcible taking of property.

The nonhearsay factual allegations in the victim's supporting deposition establish, if *true*, that the respondent *committed acts* which, were he an adult, would constitute the *completed* crimes of robbery in the first degree (Penal Law § 160.15 [3]), robbery

in the second degree (Penal Law § 160.10 [1]), grand larceny in the fourth degree (Penal Law § 155.30 [5]), criminal possession of stolen property in the fifth degree (Penal Law § 165.40), criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]), and menacing in the second degree (Penal Law § 120.14 [1]).

Family Court Act § 315.1 provides for the dismissal of jurisdictionally defective juvenile delinquency petitions (*see Matter of David T.*, 75 NY2d 927, 928 [1990]; *Matter of Detrece H.*, 78 NY2d 107, 109-110 [1991]; *Matter of Jahron S.*, 79 NY2d 632, 640 [1992]; *Matter of Edward B.*, 80 NY2d 458, 460 [1992]; *Matter of Neftali D.*, 85 NY2d 631, 634 [1995]). Insofar as relevant, this section of the statute reads as follows:

"1. A petition of a count thereof is defective when:

"(a) it does not substantially conform to the requirements stated in sections 311.1 and 311.2 . . .

"(b) the allegations demonstrate *that the court does not have jurisdiction over the crime charged*; or

"(c) the statute defining the crime is unconstitutional or otherwise invalid.

"2. An order dismissing a petition as defective may be issued upon the motion of the respondent or of the court itself." (Family Ct Act § 315.1 [emphasis added].)

In this case, the nonhearsay factual allegations in the victim's supporting deposition establish, if true, that the respondent and his two accomplices forcibly stole property from the victim and that during the commission of the crime respondent used or threatened the immediate use of a dangerous instrument (a baseball bat) in order to effectuate the forcible taking of the victim's property (*see generally People v Miller*, 87 NY2d 211, 214-215 [1995]; *People v Fullan*, 92 NY2d 690, 692 [1999]). The accusatory portion of the juvenile delinquency petition (i.e., the verified petition) charges respondent with the commission of five completed crimes including robbery in the second degree, grand larceny in the fourth degree and menacing in the second degree, and in the sixth count respondent is also charged with having committed an act which would constitute the crime of attempted robbery in the first degree.

Given the factual allegations in the supporting deposition, the charge of attempted robbery in the first degree appears to be inconsistent with the counts charging the completed acts of robbery in the second degree, grand larceny in the fourth degree

and menacing in the second degree. While a prosecutor is authorized to determine who and what to prosecute as well as the specific crimes with which a defendant will be charged (*People v Zimmer*, 51 NY2d 390, 395 [1980]; *Matter of Schumer v Holtzman*, 60 NY2d 46, 52 [1983]; *Matter of Holtzman v Goldman*, 71 NY2d 564, 573 [1988]; *People v Harper*, 75 NY2d 313, 318 [1990]), the prosecutor cannot draft an accusatory instrument in order to evade limitations placed upon the subject matter jurisdiction of a court.

The Family Court is vested with "exclusive original jurisdiction" over juvenile delinquency proceedings (Family Ct Act §§ 114, 115 [a] [vi]; NY Const, art VI, § 13); however, the Family Court is nevertheless a court of limited jurisdiction (*Kleila v Kleila*, 50 NY2d 277, 282 [1980]; *Rainbow v Swisher*, 72 NY2d 106, 109 [1988]; *Matter of Johna M.S. v Russell E.S.*, 10 NY3d 364, 366 [2008]; *Matter of H.M. v E.T.*, 14 NY3d 521, 526 [2010]; *Matter of Leonora M.*, 104 AD2d 755, 756 [1984]; *Matter of Brian L. v Administration for Children's Servs.*, 51 AD3d 488, 500 [2008], *lv denied* 11 NY3d 703 [2008]; *Matter of John M.S. v Bonni L.R.*, 49 AD3d 1235 [2008]; *King v State Educ. Dept.*, 182 F3d 162, 163 [2d Cir 1999]). The Legislature has clearly defined the scope of the Family Court's jurisdiction over juvenile delinquents who are defined as

> "a person over seven and less than sixteen years of age, who, having committed an act that would constitute a crime if committed by an adult, (a) is not criminally responsible for such conduct by reason of infancy, or (b) is the defendant in an action ordered removed from a criminal court pursuant to article seven hundred twenty-five of the criminal procedure law" (Family Ct Act § 301.2 [1]).

"Prior to September 1, 1978, children under the age of 16 were not subject to criminal sanctions in New York in any circumstances. Instead, juveniles who performed acts which would have been crimes had they been committed by adults, were all dealt with through a separate juvenile delinquency system" (*Matter of Vega v Bell*, 47 NY2d 543, 547 [1979]; *see e.g. People v Lewis*, 260 NY 171 [1932]). However, in 1978, "[i]n reaction to a perceived epidemic of violent criminal conduct by juveniles . . . the Legislature ' "criminalized" several serious acts committed by thirteen-, fourteen-, and fifteen-year-old youths' " (*Matter of Raymond G.*, 93 NY2d 531, 534-535 [1999] [citation omitted]). As a result of the 1978 statutory amendments "juveniles be-

tween the ages of 13 and 15 who are charged with certain enumerated, serious crimes of violence are now classified as 'juvenile offenders' and are prosecuted within the adult criminal justice system" (*Vega* at 547; *see Matter of Equcon M.*, 291 AD2d 332 [2002]; *United States v Smith*, 376 Fed Appx 140, 142-143 [2d Cir 2010]).

The 1978 legislation deprived certain offenders of the defense of infancy and classified these offenders as "juvenile offenders" who are subject to criminal prosecution for the commission of any crimes enumerated by statute (Penal Law § 10.00 [18]; § 30.00 [2]; CPL 1.20 [42]).[1] As observed in *Matter of Raymond G.*, the 1978 statutory amendments " 'criminaliz[ed]' certain juvenile offenses through divestiture of Family Court original jurisdiction . . . by recasting the Family Court Act definition of juvenile delinquent to exclude them, while at the same time making correlative revisions to the Penal Law to render juvenile offenders subject to criminal prosecution" (93 NY2d at 535; *see People v Killeen*, 198 AD2d 233 [1993], *lv denied* 82 NY2d 926 [1994]). In addition to creating the status of juvenile offender, the 1978 legislation created a process under which criminal charges filed against a juvenile offender could be "removed" to the Family Court at various stages of a criminal prosecution (CPL 725.00-725.20; *Matter of Desmond J.*, 93 NY2d 949 [1999]; *Matter of Michael M.*, 3 NY3d 441 [2004]; *Matter of Kemar G.*, 72 AD3d 965 [2010], *lv denied* 15 NY3d 704 [2010]). Thus, under the present statutory regime, a person 13, 14 or 15 years old who commits one of the acts denominated as a "juvenile offense" is "now automatically prosecuted within the adult criminal justice system unless there exist special circumstances war-

---

**1.** A "juvenile offender" who may not invoke the defense of infancy and who is subject to criminal prosecution is either: (1) a person 13 years old who is criminally responsible for acts constituting murder in the second degree or murder in the second degree as a sexually motivated felony; or (2) a person 14 or 15 years old who is criminally responsible for acts constituting murder in the second degree, felony murder where the underlying crime is one for which such person is criminally responsible, kidnapping in the first degree, arson in the first and second degrees, assault in the first degree, manslaughter in the first degree, rape in the first degree, criminal sexual act in the first degree, aggravated sexual abuse in the first degree, burglary in the first and second degrees, robbery in the first degree, robbery in the second degree under subdivision (2) of Penal Law § 160.10, criminal possession of a weapon in the second degree where a machine gun or loaded firearm is possessed on school grounds, attempted murder in the second degree, attempted kidnapping in the first degree, or the commission of any of the enumerated crimes as a sexually motivated felony defined by Penal Law § 130.91 (Penal Law § 10.00 [18]; § 30.00 [2]).

ranting more lenient treatment and transfer to the Family Court" (*Vega*, 47 NY2d at 551).

When presented with a question of statutory interpretation, a court's primary consideration is to ascertain and to give effect to the intention of the Legislature (*Matter of DaimlerChrysler Corp. v Spitzer*, 7 NY3d 653, 660 [2006]; *People v Ballman*, 15 NY3d 68, 72 [2010]; *Matter of Yellow Book of N.Y., Inc. v Commissioner of Taxation & Fin.*, 75 AD3d 931 [2010]), and in both *Matter of Vega v Bell* and *Matter of Raymond G.*, the Court found that the 1978 statutory amendments enacted by the Legislature were intended to divest the Family Court of original jurisdiction over persons 13, 14 or 15 years of age who committed an act which was defined as a juvenile offense and to which the defense of infancy could not be asserted (*Raymond G.*, 93 NY2d at 536; *Vega*, 47 NY2d at 551). In such cases Family Court has no jurisdiction unless the criminal action is removed to the Family Court in accordance with the provisions of article 725 of the Criminal Procedure Law (*Raymond G.* at 535).

In *Matter of Travis Y.* (27 Misc 3d 557 [2010]), this court concluded that it was impermissible for a presentment agency to file a juvenile delinquency petition against a 14-year-old male charging only acts which are not defined as juvenile offenses where the nonhearsay factual allegations in the victim's supporting deposition established, if true, that the perpetrator committed the crime of rape in the first degree, which is a juvenile offense and for which the defense of infancy was unavailable. The court found that since the petition, which includes the victim's supporting deposition (*Jahron S.*, 79 NY2d at 638-639), established the commission of the juvenile offense of rape in the first degree, the Family Court could not exercise its juvenile delinquency jurisdiction until such time as an order removing the charges relating to the incident was issued by a criminal court in accordance with the Criminal Procedure Law (*Travis Y.* at 563). In dismissing the petition in *Travis Y.*, the court concluded that although the petition did not charge a crime which is defined as a juvenile offense, the petition as a whole established the commission of a juvenile offense, and there could be no exercise of the court's juvenile delinquency jurisdiction absent a removal from a criminal court. The 1978 legislation altered the original subject matter jurisdiction of the Family Court, and the presentment agency could not confer original jurisdiction back to the Family Court by simply omitting the juvenile offense charge made out by its own petition (*id.* at 562-563).

This case presents a slightly different scenario to the extent that while the petition as a whole contains nonhearsay factual allegations which, if true, establish the commission of the crime of robbery in the first degree, a juvenile offense, the presentment agency has only charged the respondent with an attempt to commit that crime, which is not a juvenile offense.[2] Nevertheless, because the 1978 legislation altered the original jurisdiction of the Family Court, dismissal of the petition is required. To hold otherwise would permit the presentment agency to circumvent the legislatively imposed restrictions upon the original jurisdiction of the Family Court,[3] and it would impermissibly permit a litigant to confer subject matter jurisdiction upon a court which is not vested with original jurisdiction over the proceeding (*Cuomo v Long Is. Light. Co.*, 71 NY2d 349, 351 [1988]; *Morrison v Budget Rent A Car Sys.*, 230 AD2d 253, 260 [1997]; *County of Monroe v City of Rochester*, 39 AD3d 1272, 1273 [2007]; *Burke v Aspland*, 56 AD3d 1001, 1003 [2008], *lv denied* 12 NY3d 709 [2009]).

Accordingly, the petition filed on September 1, 2010 is dismissed pursuant to Family Court Act § 315.1 (1) (b).

**2.** In *Matter of Raymond G.* the presentment agency filed an original juvenile delinquency petition charging the commission of a juvenile offense with the Family Court. In *Matter of Travis Y.* the presentment agency filed an original juvenile delinquency petition which established that a juvenile offense was committed but the petition did not charge the juvenile offense.

**3.** The term "original jurisdiction" refers to the tribunal in which a particular type of action or proceeding must be originated (*People v Nuernberger*, 25 NY2d 179, 182 [1969]). While another court may subsequently acquire jurisdiction over the action or proceeding in accordance with law, the phrase "original jurisdiction" is synonymous with subject matter jurisdiction with respect to determining whether a particular tribunal is empowered by constitution or statute to entertain a particular action or proceeding at its inception (*see Fry v Village of Tarrytown*, 89 NY2d 714, 718 [1997]; *Matter of Ballard v HSBC Bank USA*, 6 NY3d 658, 663 [2006]).