*Amaker v. Schiraldi*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of May, two thousand twenty.

PRESENT:  BARRINGTON D. PARKER,
          RICHARD J. SULLIVAN,
               *Circuit Judges*,
          KATHERINE POLK FAILLA,
               *District Judge.**

------------------------------------------------------------------
ANTHONY D. AMAKER,

    *Plaintiff-Appellant*,

    v.                                                    No. 17-3675-pr

VINCENT N. SCHIRALDI, NEW YORK CITY
DEPARTMENT OF PROBATION, ANNA
BERMUDEZ, NEW YORK CITY DEPARTMENT
OF PROBATION, GREG KUZIW, NEW YORK

---

* Judge Katherine Polk Failla, of the United States District Court for the Southern District of New York, sitting by designation.

CITY DEPARTMENT OF PROBATION,
PATRICIA BRENNAN, NEW YORK CITY
DEPARTMENT OF PROBATION, TERENCE
TRACY, KAREN ARMSTRONG, NEW YORK
CITY DEPARTMENT OF PROBATION,
THERESA LIZZIO, NEW YORK CITY
DEPARTMENT OF PROBATION, RALPH
DIFIORE, NEW YORK CITY DEPARTMENT OF
PROBATION, SCOTT CHRISTIE, DANIELLE
GLEBOCKI, ENNIS COLLADO, ALVIN REED,

       *Defendants-Appellees*.

-------------------------------------------------------------------

| | |
|---|---|
| FOR APPELLANT: | JONATHAN K. YOUNGWOOD, Simpson Thacher & Bartlett LLP, New York, NY. |
| FOR APPELLEES: | AMIT R. VORA, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Steven C. Wu, Deputy Solicitor General, *on the brief*), *for* Letitia James, Attorney General of the State of New York, New York, NY, *for Defendants-Appellees* Terence Tracy, Scott Christie, Danielle Glebocki, Ennis Collado, Alvin Reed. |
| | SUSAN PAULSON, Assistant Corporation Counsel (Jane L. Gordon, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY, *for Defendants-Appellees* Vincent N. Schiraldi, Anna Bermudez, Greg Kuziw, Patricia Brennan, Karen Armstrong, Theresa Lizzio, Ralph DiFiore. |

Appeal from a judgment of the United States District Court for the Eastern

District of New York (Amon, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Anthony Amaker appeals from a judgment of the district court (Amon, *J.*) dismissing his pro se amended complaint for failure to state a claim. In granting Amaker in forma pauperis status, we dismissed all of his appellate claims except one – "his due process claim to have his correctional file free from any incorrect prejudicial information that was relied on to deny parole." Doc. No. 38. Now represented by counsel, Amaker contends that Appellees' "dogged and arbitrary refusal" "to correct two primary falsehoods in his" presentence investigation report ("PSR") and Correctional Offender Management Profiling for Alternative Sanctions Risk and Need Assessment Report ("COMPAS") "constitutes a deprivation of [his] procedural due process right to a correctional file before the parole board that is free of prejudicial, inaccurate information." Amaker's Br. at 18–19. Because we find that Amaker has failed to plausibly allege that the purported inaccuracies in his correctional file are in fact errors, we affirm the district court's dismissal. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary

to explain our decision.

I.

Appellees urge us to dismiss Amaker's appeal for several threshold reasons, pressing that (1) his appeal was untimely; (2) his release on parole eliminates his standing to seek prospective injunctive relief; (3) collateral estoppel bars his claim that his institutional file contains prejudicial errors; and (4) *Heck v. Humphrey*, 512 U.S. 477 (1994), bars his claim for damages. Appellees, however, fail to persuasively demonstrate that any of these theories require us to reject Amaker's claim without considering its merits.

First, Amaker's October 24, 2017 notice of appeal was timely because it satisfied the procedures set forth in Federal Rule of Appellate Procedure 4(c) for confined inmates filing appeals. Under Rule 4(c), a confined inmate's appeal is timely so long as it is deposited in the institution's mail system before the deadline for filing the appeal and it includes an accompanying declaration attesting to the date of deposit. Amaker attached to his October 24 notice of appeal a sworn declaration stating that he served the notice of appeal on that date, and therefore, his appeal was timely.

Second, with respect to Appellees' standing argument, we find Amaker has

4

sufficiently identified concrete ways in which his inaccurate institutional file will continue to impact him notwithstanding his release on parole, even in the absence of his violating the terms of his parole or committing a new crime. Thus, at this stage of the litigation, Amaker's allegations that his inaccurate institutional file will impact the conditions of his parole are sufficient to establish constitutional standing to seek prospective injunctive relief. *See, e.g.*, *Marcavage v. City of New York*, 689 F.3d 98, 103 (2d Cir. 2012) ("To obtain *prospective* relief . . . a plaintiff must show, *inter alia*, a sufficient likelihood that he [or she] will again be wronged in a similar way." (internal quotation marks omitted)).

Third, Amaker's claim arising from an alleged deprivation of his procedural due process right in having an accurate institutional file is not collaterally estopped by his state court challenge to his 2015 parole denial. There are two elements to collateral estoppel in New York – "First, the identical issue necessarily must have been decided in the prior action and be decisive of the present action, and second, the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination." *Jenkins v. City of New York*, 478 F.3d 76, 85 (2d Cir. 2007) (internal quotation marks omitted). Here, Appellees have failed to establish the first prong of this test. In the previous state

5

court case, Amaker challenged the Parole Board's ultimate determination, which does not implicate the federal procedural due process claim at issue in this case. Under New York law, a court will set aside a denial of parole only if the Parole Board's determination "evinced irrationality bordering on impropriety." *Goldberg v. N.Y. State Bd. of Parole*, 959 N.Y.S.2d 509, 511 (2d Dep't 2013). The state court had to decide only one issue to resolve that case, namely, whether the Parole Board weighed each statutory factor in N.Y. Exec. Law § 259-i(2)(c). Therefore, the state court's analysis of the accuracy of Amaker's institutional file was unnecessary to the result, and consequently does not collaterally estop Amaker's federal constitutional claim at issue in this case.

Finally, we need not resolve the question left open in *Poventud v. City of New York*, 750 F.3d 121 (2d Cir. 2014) (en banc) – "whether the *Heck* bar applies after an inmate has been released from prison" – to decide this case in light of our conclusion below that Amaker has failed to establish that his correctional file contains the errors on which he premises his damages claims.

II.

Turning to the merits of Amaker's procedural due process claim, we agree with the district court that Amaker has failed to state a plausible claim for relief.

Even assuming that Amaker could bring a federal due process claim based on alleged inaccuracies in his correctional file – a question that we explicitly do not resolve – Amaker has not plausibly alleged any errors.

"We review *de novo* a district court's decision to dismiss a complaint pursuant to Rule 12(b)(6), accepting all factual allegations as true and drawing all reasonable inferences in the plaintiff's favor." *Crawford v. Cuomo*, 796 F.3d 252, 256 (2d Cir. 2015). "To survive a 12(b)(6) motion, the complaint must contain factual allegations that plausibly give rise to an entitlement to relief." *Id.* We may "affirm on any ground appearing in the record below." *MFS Sec. Corp. v. N.Y. Stock Exch., Inc.*, 277 F.3d 613, 617 (2d Cir. 2002).

On appeal, Amaker identifies two purported errors in his correctional file: "(1) the erroneous classification of [his] 1979 Juvenile Offense as an adult conviction and (2) the inclusion of five Tier III disciplinary sanctions in his COMPAS report despite a court order mandating their expunction." Amaker's Br. at 19. For his juvenile offense, he contends that the amended 2012 PSR erroneously classified his juvenile offender first-degree manslaughter conviction by listing the conviction under the "Adult Court" subsection of his "Previous Court Record," thereby suggesting that it was an adult conviction. He also maintains that the

7

COMPAS report compounded this inaccuracy by answering the question "How many prior murder/voluntary manslaughter offense arrests as an adult?" with "1." For the Tier III disciplinary infractions, he claims that the 2015 COMPAS report erroneously lists five Tier III disciplinary infractions that a district court had ordered expunged. Neither alleged error reflects any mistake.

First, for Amaker's juvenile offense, under New York law, "juvenile offender" refers to "juveniles between the ages of 13 and 15 who are charged with certain enumerated, serious crimes of violence" and who are "prosecuted within the adult criminal justice system." *Vega v. Bell*, 47 N.Y.2d 543, 547 (1979); *see also* N.Y. Penal Law § 10.00(18) (defining "juvenile offender"). Under New York's current statutory framework, "juvenile offenders will, as a general rule, be prosecuted as adults" in the adult criminal justice system rather than in juvenile court, and are considered "criminally responsible for their actions." *In re Raymond G.*, 93 N.Y.2d 531, 536 (1999).

Therefore, because Amaker was deemed a "juvenile offender" (as opposed to a juvenile delinquent) for his first-degree manslaughter conviction, and thus prosecuted in the adult criminal justice system rather than in juvenile court, the PSR accurately listed his conviction under the "Adult Court" subsection of his

8

"Previous Court Record."  For the same reasons, the COMPAS report accurately described him as having "1" "prior murder/voluntary manslaughter offense arrest[] as an adult," App'x at 204, since he was arrested for a charge that resulted in his prosecution in the adult criminal justice system rather than in juvenile court as a juvenile delinquent.[1]  Indeed, the COMPAS report further notes the distinction by providing that Amaker had "0" "prior petitions or charges for a felony type violent action as a juvenile delinquent" in Question 3, *id.*, but that Amaker was "15" when "arrested for a criminal offense as an adult or juvenile delinquent for the very first time" in Question 15, *id.* at 205.

Second, Amaker is incorrect that the 2015 COMPAS report erroneously includes the five expunged Tier III disciplinary infractions.  The report lists "0" Tier III infractions during the last two years of incarceration and does not state any information about Tier III infractions before then.  To the extent that Amaker contends that the COMPAS report assigned him a high prison-misconduct score because it erroneously factored into its algorithm the five expunged disciplinary

---

[1] Our interpretation of this question is consistent with the New York State Department of Corrections and Community Supervision's interpretation.  The Department explained in denying Amaker's administrative grievance regarding the COMPAS report's answer to this question that the question was intended to identify arrests for crimes where the inmate was later "tried in an adult court and given an [a]dult conviction."  *See* App'x at 114.

infractions, that allegation is entirely speculative. Amaker offers nothing beyond mere conclusory claims that his numerous and severe past infractions – sixteen Tier III infractions and approximately thirty Tier II infractions, including for violent conduct, assaults on staff, and weapons possession – excluding the five expunged infractions, would not be enough to generate a high prison-misconduct score.

Accordingly, even assuming the existence of a federal due process right to be free from any incorrect prejudicial information in a correctional file, Amaker's due process claim fails because he has not plausibly alleged that his parole file contained any incorrect prejudicial information. We therefore agree with the district court that Amaker has failed to state a plausible claim for relief.

### III.

We have considered Amaker's remaining contentions and conclude that they are without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

10